JOHN D. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 20906-82.
United States Tax Court
T.C. Memo 1986-280; 1986 Tax Ct. Memo LEXIS 329; 51 T.C.M. (CCH) 1392; T.C.M. (RIA) 86280; July 7, 1986. John D. Miller, pro se. Christy M. Pendley, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes for the years in issue: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1976
$5,921.00
$2,960.50
$158.18
1977
6,508.01
3,254.01
232.49
1978
8,576.80
4,288.40
46.96
1979
8,952.73
4,476.37
55.57
1980
10,465.46
5,232,73
128.35
The issues for decision are: (1) Whether petitioner received unreported income during each of the years in issue. (2) Whether petitioner is liable for the addition to tax for fraud pursuant to section 6653(b) for each year. (3) Whether petitioner is *331 liable for the section 6654 addition to tax for failure to pay estimated tax for each year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. John D. Miller (hereinafter petitioner) resided in Altoona, Iowa at the time he filed his petition in this case. Petitioner failed to file Federal income tax returns for any of the years in issue. He filed joint Federal income tax returns with his wife Betty for the years 1972, 1973, and 1974. Petitioner was convicted on April 30, 1980 of willful failure to file a Federal income tax return for each of the years 1976 and 1977 pursuant to section 7203. During all of the five years in issue, petitioner worked as a truck driver for J.I. Case Company. During the taxable years 1976, 1977, 1978, 1979, and 1980, he ireceived wages from his employer totaling $23,968.36, $24,802.90, $27,513.61, $29,191.27, and $32,160.11, respectively. In addition, during the years 1976 and 1977 petitioner received $72.24 and $80.52 from the Case Employees' Credit Union. On January 29, 1976, petitioner filed a Form W-4E, Exemption From Withholding, *332 with his employer claiming that he incurred no Federal income tax liability for the year 1975 and anticipated no tax liability for the year 1976.On April 25, 1977 petitioner filed a second Form W-4E claiming that he had incurred no tax liabiity for the taxable year 1976 and that he expected no tax liability for 1977. On August 14, 1978 Mr. Miller filed a Form W-4, Employee's Withholding Allowance Certificate, claiming that he incurred no Federal tax liability for 1977 and that he anticipated no such tax liability for 1978. OPINION 1. Deficiencies for 1976 through 1980
The first issue is whether there are deficiencies in Federal income taxes due from petitioner in the amounts determined by respondent for the years 1976 through 1980. Petitioner has not argued that he did not receive wages in the amounts determined by respondent. Rather, he argues, inter alia, that he is not a "person" for purposes of the Internal Revenue Code and is therefore not required to pay taxes or file returns. This argument as well as the taxpayer's other tax protest contentions are totally unmeritorious and are not deserving of our further discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983). *333 Respondent's determination of the deficiencies is presumptively correct. Rule 142(a) [2]; Welch v. Helvering,290 U.S. 111, 115 (1933). Petitioner has offered no evidence to overcome this presumption. Accordingly, we sustain the deficiencies determined by respondent for the five years in issue. 2. Section 6653(b) Addition to Tax
We next consider whether petitioner is liable for the addition to tax for fraud pursuant to section 6653(b) for each of the years 1976 through 1980. [3]
Petitioner was employed as a truck driver for J.I. Case and earned income in excess of $20,000 for each of the *334 years involved in this case. He filed joint Federal income tax returns for the years 1972, 1973, and 1974 but failed to file returns during the years 1976 through 1980. He was convicted criminally on April 30, 1980 of willful failure to file income tax returns for the years 1976 and 1977 pursuant to section 7203. In 1978, petitioner's spurious tax protestor arguments brought him before this Court. On that occasion, we granted respondent's motion for summary judgment and rejected petitioner's claims that Federal Reserve Notes are not dollars, that the income tax is unconstitutional and that the Tax Court is an illegal usurption of judicial power by the legislative branch. In addition to refusing to file Federal income tax returns for the years in issue, petitioner filed a false Form W-4E with his employer on January 29, 1976 claiming the he incurred no tax liability for the taxable year 1975 and anticipated no tax liability for 1976. On April 25, 1977, he filed a false Form W-4E claiming that he incurred no tax liability for the year 1976 and expected no liability for the taxable year 1977, and on August 14, 1978, he filed a false Form W-4 with his employer claiming that he *335 incurred no tax liability for 1977 and anticipated no tax liability for 1978. Attached to these W-4E and W-4 Forms were documents containing various tax protestor arguments all of which are totally without merit. See United States v. Daly,481 F.2d 28 (8th Cir. 1973); Hatfield v. Commissioner,68 T.C. 895 (1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Cupp v. Commissioner,65 T.C. 68 (1975), affd. by order 559 F.2d 1207 (3d Cir. 1977). Respondent determined that petitioner had unreported wages in an amount that exceeded the minimum amounts set forth in section 6012.[4] In addition, petitioner has refused to provide this Court with any evidence concerning his failure to file tax returns or pay the tax owing for each of the years in issue. His primary argument at trial and on brief is that he is not liable for the payment of Federal income taxes because he is not a "person" for purposes of the Internal Revenue Code. This argument as well as the other arguments made by petitioner have been rejected repeatedly by this *336 Court and others and are undeserving of further comment. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983). [5]
Respondent contends that petitioner's actions during the years in issue constitute fraud, and that he is liable for the addition to tax under section 6653(b). We agree. Whether a taxpayer acted fraudulently must be determined on the basis of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent has the burden of proving by clear and convincing evidence that some underpayment exists and that part of the underpayment in each year was due to fraud. Section 7454(a); Rule 142(b).[6] This burden is satisfied if it is shown that the taxpayer "intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection *337 of such taxes." Rowlee v. Commissioner,supra at 1123; Stoltzfus v. United States,398 F.2d 1002 (3d Cir. 1968). The existence of fraud is a question of fact to be gleaned from a consideration of the entire record. Gajewski v. Commissioner,supra.Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). The fraudulent intent, however, may be proven by circumstantial evidence emanating from the taxpayer's entire course of conduct. Rowlee v. Commissioner,supra at 1123; Stone v. Commissioner,56 T.C. 213, 223-224 (1971). Petitioner admits that he received wages in the amounts determined by respondent during the years in issue. This fact in conjunction with his failure to report those amounts constitutes clear and convincing evidence of the existence of an underpayment during each of the years in issue. *338 Petitioner failed to file an income tax return for the taxable years in question. On April 30, 1980, he was convicted criminally of a willful failure to file returns for the taxable years 1976 and 1977 in violation of section 7203. We note that the intent to evade taxes is not an element of the criminal offense charged under section 7203. That crime is complete with the willful failure to pay a tax, file a return, maintain records, or supply information. Thus, a conviction under section 7203 does not establish, as a matter of law, that petitioner failed to file a return with an intent, or in an attempt, to evade taxes. Wright v. Commissioner,84 T.C. 636, 643 (1985). However, it is well established that while a failure to file an income tax return is not, standing alone, proof of fraud on the part of the taxpayer, Kotmair v. Commissioner, 89 T.C.     (June 19, 1986), such failure is evidence that may be considered as indicative of fraud. Rowlee v. Commissioner,supra at 1123. Based on the record as a whole, it is clear that petitioner's purpose in failing to file returns was to evade, and not merely to delay, the payment of taxes *339 that he argues he was not obligated to pay. In these circumstances we think petitioner's failure to file should properly be viewed as conduct intended to conceal his noncompliance with the law. Here there is the additional fact that petitioner evaded payment of his income taxes through the filing of false W-4E and W-4 certificates for three of the years in issue. The filing of a false withholding certificate is evidence of fraud. Rowlee v. Commissioner,supra at 1125; Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). "Notwithstanding his purported belief that he was exempt from tax, this type of self-help is unexcused and essentially inexecusable." Rowlee v. Commissioner,supra at 1125. In summary, petitioner's filing of joint income tax returns for the years 1972, 1973, and 1974 clearly established that he knew of his obligation to report his income and to pay tax thereon. His claim that he is exempt from the obligation to pay tax is without merit. We view petitioner's failure to file returns *340 during the years in issue as an attempt to conceal his obstinacy and not a bona fide challenge to the validity of the tax laws he now claims are unconstitutional or unfair. His filing of false withholding certificates provides "additional affirmative indications of his motivation" to evade the payment of taxes. Rowlee v. Commissioner,supra at 1126. Although there is no evidence that petitioner filed false withholding certificates for 1979 and 1980, we nonetheless regard his failure to file tax returns for those years, in combination with the pattern of substantial underreporting of income that was present throughout all five years, as sufficient to establish the requisite fraudulent intent for such years as well. Otsuki v. Commissioner,53 T.C. 96, 108 (1969). We are convinced that the evidence as a whole clearly establishes that petitioner knew of his obligation to file returns and pay taxes, and that he attempted to evade his responsibilities during each of the years in issue. Petitioner's freedom to express his political beliefs simply does not carry with it a right to defraud the United States Government. Accordingly, we find and hold *341 that respondent has established fraud by clear and convincing evidence. Petitioner is therefore liable for the section 6653(b) addition to tax for each of the years in issue. 3. Section 6654 Addition to Tax
Section 6654 imposes an addition to tax for underpayment of estimated tax where there has been a failure to pay or an underpayment of estimated tax. This addition to tax is mandatory and no inquiry is made to reasonable cause or lack of willful neglect. Bagur v. Commissioner,66 T.C. 817, 824 (1976). Petitioner offered no evidence to show that respondent erred in determining that additions to tax should be imposed under section 6654. Accordingly, we sustain respondent's determination with respect to this issue. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Sec. 6653(b) provides as follows: (b) FRAUD. -- If any part of any underpayment * * * of tax * * * is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a) * * * [relating to negligence or intentional disregard of the rules and regulations regarding the payment of income or gift taxes.]↩
4. Sec. 6012 provides, in pertinent part, as follows: (a) General Rule. -- Returns with respect to income taxes under subtitle A shall be made by the following: (1)(A) Every individual having for the taxable year the gross income of $1,000 * * * or more * * *.↩
5. See also Hodge v. Commissioner,T.C. Memo. 1984-109↩.
6. Sec. 6653(c)(1) defines "underpayment" for purposes of sec. 6653 as a "deficiency" as defined in sec. 6211, except that the tax shown on a return referred to in sec. 6211(a)(1)(A) shall be taken into account only if the return was timely filed.↩