JULIUS R. JENNY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jenny v. Commissioner
Docket No. 28548-89
United States Tax Court
T.C. Memo 1990-507; 1990 Tax Ct. Memo LEXIS 560; 60 T.C.M. (CCH) 867; T.C.M. (RIA) 90507; September 24, 1990, Filed *560 An appropriate order and decision will be entered. Julius R. Jenny, pro se. Edward J. Laubach, Jr., for the respondent. RUWE, Judge. RUWE
MEMORANDUM OPINION This matter is before the Court on respondent's motion for summary judgment, filed July 12, 1990, pursuant to Rule 121. [1] In his notice of deficiency, respondent determined deficiencies and additions to tax in petitioner's Federal income taxes as follows: *561 Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)(A) [2] *562 Sec. 6653(b)(1)(B)
Sec. 6654(a)
1978
$ 10,421
$  5,211
N/A
$   333  1979
6,518
3,259
N/A
272  1980
8,022
4,011
N/A
511  1981
17,957
8,979
N/A
1,376  1982
23,862
11,931
*
2,322  1983
27,018
13,509
*
1,653  1984
21,859
10,930
*
1,374  1985
2,959
1,480
*
170  1986
2,889
2,167
*
140  1987
8,317
6,238
*
450  Respondent's motion for summary judgment raises the following issues: (1) Whether petitioner is liable for deficiencies in income taxes as determined by respondent; (2) whether petitioner is liable for the additions to tax for fraud for the taxable years 1978 through 1987; (3) whether petitioner is liable for the additions to tax under section 6654(a) for taxable years 1978 through 1987; and (4) whether this Court should award damages (penalty) [3] to the United States under section 6673 because petitioner instituted this proceeding primarily for purposes of delay or because his position in this proceeding is frivolous and groundless. *563 On August 31, 1989, respondent issued a statutory notice of deficiency to petitioner. On November 30, 1989, petitioner timely filed his petition with the Tax Court. Petitioner resided in Flinton, Pennsylvania when he filed his petition in this case. On January 16, 1990, respondent filed his answer. In his answer, respondent denied the substantive allegations of the petition. Respondent also affirmatively alleged as follows: 6. FURTHER ANSWERING the petition and in support of the determination that a part of the underpayments of tax required to be shown on the petitioner's income tax returns for the taxable years 1978 through 1987, inclusive, are due to fraud, the respondent alleges: a) During the taxable years 1978 through 1987, inclusive, the petitioner was self-employed as an insurance salesman/broker. He reported income and expenses on the basis of cash receipts and disbursements. b) The petitioner received taxable income in the form of insurance commissions, wages, interest, dividends, trust distributions, and gains on the sale of real estate during the years 1978 though [sic] 1987, inclusive. c) The petitioner received gross income in the amounts of $ 28,434, *564 $ 21,682, $ 23,927, $ 41,477, $ 55,317, $ 64,457, $ 55,927, $ 13,686, $ 13,450, and $ 28,617 during the taxable years 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, and 1987, respectively. d) The petitioner had taxable income in the amounts of $ 27,584, $ 20,682, $ 22,827, $ 40,277, $ 54,217, $ 63,357, $ 54,827, $ 12,546, $ 12,270, and $ 24,837 for the taxable years 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, and 1987, respectively. e) The petitioner incurred income tax liabilities in the amounts of $ 10,421, $ 6,518, $ 8,022, $ 17,957, $ 23,862, $ 27,018, $ 21,859, $ 2,959, $ 2,889, and $ 8,317 for the taxable years 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, and 1987, respectively. f) The petitioner nevertheless failed to file federal income tax returns for the taxable years 1978 though [sic] 1987, inclusive. g) The petitioner was convicted of willfully failing to file federal income tax returns for the taxable years 1980, 1981, 1982, and 1983 in violation of I.R.C. § 7203 on September 21, 1987. This conviction was based upon the petitioner's frivolous arguments why he was not required to file federal income tax returns *565 for these years. h) The petitioner was previously held liable in this court for the civil fraud penalty for the taxable years 1973, 1974, and 1975 as a result of his spurious tax protestor arguments. See Kathleen Jenny et. ux, v. Commissioner, T.C. Memo. 1983-1. i) The petitioner has continued to rely upon totally frivolous arguments to support his contention that he is not required to file federal income tax returns for the years in issue. j) The petitioner, fraudulently and with clear intent to evade tax, failed to file tax returns for the years 1978 through 1987, inclusive. k) The petitioner's failure to file tax returns for ten years is part of a pattern of intent to evade taxes. l) The petitioner, fraudulently and with intent to evade tax, failed to report income taxes in the amounts of $ 10,421, $ 6,518, $ 8,022, $ 17,957, $ 23,862, $ 27,018, $ 21,859, $ 2,959, $ 2,889, and $ 8,317 for the taxable years 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, and 1987, respectively. m) A part of each deficiency in income tax for the taxable years 1978 through 1987, inclusive, is due to fraud with intent to evade taxes. Petitioner failed to reply to *566 respondent's answer. On March 23, 1990, respondent, pursuant to Rule 37(c), filed a motion for entry of order that undenied allegations in answer be deemed admitted. On March 26, 1990, this Court mailed to petitioner a notice of filing for order under Rule 37. In that notice, petitioner was advised: If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before April 16, 1990, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer. Petitioner failed to file a reply to respondent's motion. On April 27, 1990, this Court granted respondent's motion. Accordingly, the facts alleged by respondent in paragraph 6 of his answer are deemed admitted by petitioner. Doncaster v. Commissioner, 77 T.C. 334 (1981); Rule 37(c). On July 12, 1990, respondent filed a motion for summary judgment pursuant to Rule 121. In his motion, respondent requested a summary adjudication in his favor of all the issues in controversy. Attached to respondent's motion for summary judgment *567 is a copy of a letter from petitioner to respondent dated March 21, 1990. This letter states: Please be advised that I made a mistake in petitioning the Tax Court, as I later realized that [the] Tax Court cnnot decide issues of law. The fiduciary relationship between the Internal Revenue Service and myself has been severed, therefore the subject matter of the trust res is no longer an issue. By Court order, dated July 13, 1990, we ordered petitioner to file, on or before August 13, 1990, a response to respondent's motion. Petitioner has failed to file a response. Rule 121(b) provides that a decision may be rendered on a motion for summary judgment if it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The factual materials and the inferences drawn from such materials must be considered in the light most favorable to the party opposing the motion. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Gauntt v. Commissioner, 82 T.C. 96, 101 (1984); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Respondent, as the moving party, has the burden of proving *568 that no genuine issue exists as to any material fact, and that he is entitled to judgment as a matter of law. Marshall v. Commissioner, 85 T.C. 267, 271 (1985); Naftel v. Commissioner, supra at 529; Gulfstream Land & Development Corp. v. Commissioner, 71 T.C. 587, 596-597 (1979). The first issue is whether we should grant respondent's motion for summary judgment as to the deficiencies determined by respondent. Based on petitioner's deemed admissions that he incurred income tax liabilities as determined by respondent, we grant respondent's motion for summary judgment as to the amounts of income tax deficiencies set forth in the notice of deficiency. The second issue is whether we should grant respondent's motion for summary judgment as to the additions to tax for fraud. Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). The elements that respondent must prove are: (1) An underpayment of tax, and (2) that some part of the underpayment was due to fraud. Petzoldt v. Commissioner, 92 T.C. 661, 698-699 (1989); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983); *569 Habersham-Bey v. Commissioner, 78 T.C. 304, 311 (1982). The first element is established by the deemed admission that a deficiency exists in each of the taxable years in issue. The second element of fraud requires proof that the taxpayer intentionally violated a known legal duty, with a specific purpose to evade a tax known or believed to be owing. Wright v. Commissioner, 84 T.C. 636, 639-644 (1985); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Where fraud is determined for more than one taxable year, respondent must show that some part of the underpayment for each year was due to fraud. Professional Services v. Commissioner, 79 T.C. 888, 930 (1982); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th. Cir. 1978). . Fraud will never be presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). *570 Respondent may, however, prove fraud through circumstantial evidence since direct evidence of the taxpayer's intent is rarely available. Spies v. United States, 317 U.S. 492 (1943); Rowlee v. Commissioner, supra.The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971). Respondent may rely on deemed admissions to prove fraud. Marshall v. Commissioner, supra at 272-273; Doncaster v. Commissioner, supra at 336-337; see Rule 37(c). Based upon petitioner's deemed admissions, we find that respondent has met his burden of proof and that there is no genuine issue of fact with respect to the fraud issue. Accordingly, we grant respondent's motion for summary judgment with respect to the additions to tax for fraud. The third issue is whether petitioner is liable for additions to tax for all taxable years under section 6654(a). The facts deemed admitted establish that petitioner is liable for the additions to tax under section 6654(a). The additions to tax provided for in section 6654(a) are mandatory. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). *571 Accordingly, we grant respondent's motion for summary judgment on this issue. The final issue is whether petitioner is liable to the United States for damages (penalty) under section 6673 because petitioner instituted this proceeding primarily for purposes of delay or that his position is frivolous or groundless. After consideration of the record in this case, including the presence of the fraud issue, we determine that damages pursuant to section 6673 should not be awarded. See Angstadt v. Commissioner, T.C. Memo 1990-433. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. Respondent's notice of deficiency improperly identifies the code sections for the additions to tax for fraud. For taxable years 1978 through 1981, the correct code section is section 6653(b). For taxable years 1982 through 1985, the correct code section is section 6653(b)(1) and (2). For the taxable years 1986 and 1987, the correct code section is section 6653(b)(1)(A) and (B).↩
*. 50 percent of the interest due on the deficiency.↩
3. The Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2400-2401, amended code section 6673 by changing it from an award for "damages" to a "penalty" provision. Section 6673, as amended by Pub. L. 101-239, applies to positions taken after December 31, 1989, in proceedings which are pending on, or commenced after December 31, 1989.↩