**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Ray CONSIDINE, Defendant-**
**Appellant.**

**No. 73–1804.**

United States Court of Appeals,
Ninth Circuit.

Nov. 21, 1973.

Nola McLane, McLane & McLane, Phoenix, Ariz., for defendant-appellant.

Robert H. Filsinger, Asst. U. S. Atty., Chief Civil Div., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and CHOY, Circuit Judges, and CARR,* District Judge.

## OPINION

PER CURIAM.

Considine appeals from his conviction in a trial to the court on four counts of subscribing to false income tax returns for the years 1965, 1966, 1967 and 1969 under 26 U.S.C. § 7206(1). He was sentenced to custody of the Attorney General for eighteen months on each count concurrently. We affirm.

A practising certified public accountant since 1946, Considine has studied law and has taught accounting and taxation in the University of San Diego and San Diego State College. He has also conducted real estate seminars at Stanford University. He is well-versed in the niceties of federal tax law as he admits.

■ The district court ruled that the $30,000 of prepaid interest Considine received in 1965 and the $27,500 of prepaid interest he got in 1966 were in fact interest payments beyond a reasonable doubt, which he should have reported in his tax returns. We agree.

We are not impressed by Considine's cleverly contrived contention that the interest payments were not really interest beyond a reasonable doubt under federal tax cases because they could by tortuous reasoning be regarded, e. g., as consideration paid for an option to purchase real properties, or payments of principal. The promissory notes which the maker executed called the payments interest and Considine himself treated the remittances as interest in his 1965 and 1966 income tax returns.

■ Nor do we find convincing Considine's argument that there was no proof beyond a reasonable doubt that in 1969 he had an acceleration of gain from the disposition of an installment obligation (the $225,000 San Felipe note). The record amply supports the district court's finding that the settlement of the Norris judgment in which the judgment creditor accepted that note occurred in 1969 and that the fair market value of the note was its face amount as reduced because of acreage variation. The settlement could not be closed till March, 1969 after the bank which acted

---

* The Honorable Charles H. Carr, United States District Judge for the Central District of California, sitting by designation.

as escrow agent for the parties loaned Considine the cash required in addition to the $225,000 note to meet the settlement terms.

■ The government had no burden to show that beyond a reasonable doubt under federal tax cases the interest payments were interest and that the settlement resulted in an acceleration of gain in 1969. Its burden was to prove facts which beyond a reasonable doubt showed the nature of those financial transactions. The district court was satisfied with such proof. It was not clearly erroneous in its findings and conclusions.

■ Considine's exoneration as to one of the two alleged falsely claimed charitable deductions, but conviction on the other deduction, did not constitute a material variance from the indictment. No substantial rights of the accused were prejudiced—he was informed of the charges against him and enabled to present his defense, and he would be protected against another prosecution for the same offense. Goldbaum v. United States, 204 F.2d 74, 78 (9th Cir. 1953), cert. denied, 346 U.S. 831, 74 S.Ct. 39, 98 L.Ed. 354, rehearing denied, 346 U.S. 880, 74 S.Ct. 119, 98 L.Ed. 387 (1953).

■ The district court's finding that the $3,028.21 charitable deduction carry-over related to the falsely claimed contribution was not clearly erroneous.

■ We deem frivolous the contention that the government was required to prove that Considine himself filed or caused to be filed the tax returns underlying each of the four counts in the indictment. It was proved that Considine prepared and signed the returns and that the returns were on file with the Internal Revenue Service. The inference that he filed or caused to be filed the returns is clear and was uncontradicted.

Affirmed.

CARR, District Judge (concurring in part and dissenting in part):

I concur in the affirmance of the judgment of conviction on Count One.

I am compelled to conclude that the Government's case was insufficient to support the judgments of conviction respecting Counts Two, Three and Four. My main concern is with the issues of law in each of the three counts. Many interpretations of the Internal Revenue Code and the Treasury Regulations were required. A reading of the Reporter's Transcript, as well as a study of the exhibits, compels me to conclude that the transactions involved in Counts Two, Three and Four are matters for the civil courts. The Government is required to prove every element of the offenses beyond a reasonable doubt.

It does not seem appropriate to resort to the concurrent sentence doctrine since Treasury will, in all probability, endeavor to assess tax penalties upon the theory that the finding of guilt stamps the transactions as fraudulent. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

The distinction between tax avoidance and tax evasion is sometimes difficult to discern. As Judge Learned Hand said in Commissioner of Internal Revenue v. Newman (2nd Cir. 1947), 159 F.2d 848 at 850:

 " * * * Over and over again courts have said that there is nothing sinister in so arranging one's affairs as to keep taxes as low as possible. Everybody does so, rich or poor; and all do right, for nobody owes any public duty to pay more than the law demands: taxes are enforced exactions, not voluntary contributions. To demand more in the name of morals is mere cant."