JOHN T. WRIGHT AND SUSAN L. WRIGHT, PETITIONERS V.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 35147–83.     Filed April 8, 1985.

*Steven J. Rosenberg,* for the petitioners.
*Jeff P. Ehrlich* and *Matthew J. Fritz,* for the respondent.

### OPINION

TANNENWALD, *Judge:* Deficiencies in petitioners' Federal income taxes having been agreed to and the resultant tax assessed, respondent determined the following additions to petitioners' Federal income taxes:

| Taxable year | Additions to tax sec. 6653(b)[1] |
|---|---|
| 1976 | $743.98 |
| 1977 | 2,299.86 |
| 1978 | 6,905.03 |

The case is before this Court on respondent's motion for partial summary judgment under Rule 121(b) on the issues of petitioners' understatement of income for the years in issue, petitioners' underpayments of tax for the years in issue, and the addition to tax for 1978. After concessions,[2] the sole issue for our decision is whether petitioner John T. Wright's[3] conviction under section 7206(1) collaterally estops petitioners from denying, for purposes of section 6653(b), that part of their underpayment for 1978 was due to fraud.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Rules of Practice and Procedure of this Court.

[2] Respondent has conceded that the additions to tax as to petitioner Susan L. Wright were erroneously determined; petitioners have conceded the existence and amounts of the understatements of income and underpayments of tax for the years in issue.

[3] As this case concerns the addition to tax only as to John T. Wright, see *supra* note 2, we will hereinafter refer to Mr. Wright as "petitioner," and Mr. and Mrs. Wright as "petitioners."

At the time they filed their petition in this case, petitioners maintained their residence in Illiopolis, Illinois. Petitioners filed joint Federal income tax returns for 1976, 1977, and 1978.

Petitioners, in their response to respondent's motion, claim the following: In June 1975, petitioner's father died suddenly, leaving petitioner's mother to run the family farm. Petitioner was asked by his mother to assume responsibility for the farming operation. Prior to June 1975, petitioner had no business or farming experience, and had no training in bookkeeping, accounting, or business management. Petitioner managed the farm through the years in issue, and for purposes of income tax return preparation, turned his records of the farm's receipts and disbursements over to a local accountant skilled in farming bookkeeping methods. Petitioner's wife did not participate in either the farming business or the preparation of petitioners' income tax returns.

On their Federal income tax returns for the years in issue, petitioners understated their taxable income for 1976 by $8,824.46 and their tax table income for 1977 and 1978 by $24,167.18 and $29,904.82, respectively. Petitioners underpaid their Federal income taxes for the years 1976, 1977, and 1978 by $1,487.95, $4,599.72, and $13,810.05, respectively.

Petitioner was indicted in the U.S. District Court, Central District of Illinois, Springfield Division, on March 22, 1982, on two counts of violation of section 7206(1) and two counts of violation of section 7201, one of each of the counts relating to the taxable year 1977 and one of each of the counts relating to the taxable year 1978. On June 15, 1982, that court, based on petitioner's guilty plea, entered a finding of guilty for "the offense(s) of subscribing to a false income tax return as charged in Count 3 of the Indictment, in violation of title 26, U.S.C. sec. 7206(1). Counts 1, 2, and 4 dismissed upon Government Motion." Count 3 of the indictment charged:

That on or about the 10th day of January 1979, in the Central District of Illinois,

John T. Wright

a resident of Illiopolis, Illinois, did wilfully and knowingly make and subscribe to a United States Individual Tax Return (form 1040) for John T. and Susan L. Wright, which was verified by a written declaration that it was made under the penalties of perjury, and was filed with the Internal Revenue Service, when he did not believe said Income Tax Return to be true and correct as to every material matter in that the Income Tax Return

stated that the grain sale and other income of John T. and Susan L. Wright was $84,665.69 whereas, as he then and there well knew and believed, he had received substantial income in addition to that here before stated.

All in violation of Title 26, United States Code, Section 7206(1).

Respondent issued the deficiency notice on which the instant case is based on September 26, 1983.

Rule 121(a) provides that "Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy." Decision is to be entered for the moving party

if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication may be made which does not dispose of all the issues in the case.

Rule 121(b). While we must view the facts and inferences to be drawn therefrom in the light most favorable to the party opposing the motion, such party has the burden of setting forth "specific facts showing that there is a genuine issue for trial." Rule 121(d); *Jacklin v. Commissioner*, 79 T.C. 340, 344 (1982).

Respondent bases his motion on the allegedly preclusive effect of petitioner's conviction under section 7206(1)[4] upon the issue of fraud under section 6653(b).[5] Respondent contends that our opinions in *Goodwin v. Commissioner*, 73 T.C. 215 (1979), and *Considine v. Commissioner*, 68 T.C. 52 (1977), compel the conclusion that petitioner's conviction establishes as a matter of law that the underpayment for 1978 was "due to fraud," for purposes of section 6653(b), and thus that respondent's motion should be granted. Petitioners contend that

---

[4]Sec. 7206 provides, in relevant part—

Any person who—

(1) DECLARATION UNDER PENALTIES OF PERJURY.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; * * *

     *     *     *     *     *     *     *

shall be guilty of a felony * * *

[5]Sec. 6653(b)(1) provides: "If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment."

petitioner's lack of business acumen raises a genuine issue as to a material fact, and that respondent's motion should thus be denied. For the reasons hereinafter stated, we agree with petitioners.

The doctrine of collateral estoppel precludes relitigation of any issue of fact or law that is actually litigated and necessarily determined by a valid and final judgment. *Montana v. United States*, 440 U.S. 147, 153 (1979); see Restatement, Judgments 2d, sec. 27 (1982). Its purpose is to avoid repetitious litigation of issues between the same parties or their privies. See *Jaggard v. Commissioner*, 76 T.C. 222, 223 (1981). The doctrine, however, "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Commissioner v. Sunnen*, 333 U.S. 591, 599–600 (1948); see *Cromwell v. County of Sac*, 94 U.S. 351, 353 (1876). Thus, the question is whether the issue under section 6653(b) is "identical in all respects" to that decided under section 7206(1).

Under section 6653(b), respondent has the burden of proving, by clear and convincing evidence, that "any part of any underpayment * * * is due to fraud." See sec. 7454(a); Rule 142(b). The "due to fraud" language has been consistently interpreted to require proof of specific intent to evade a tax believed to be owing. See, e.g., *Hebrank v. Commissioner*, 81 T.C. 640, 642 (1983).[6] Section 7206(1) makes it a crime for one willfully to make and submit any return verified by a written declaration that it is made under the penalties of perjury which he or she does not believe to be true and correct as to every material matter. The indictment on which petitioner's conviction was based charged that he willfully filed a verified return that "he did not believe * * * to be true and correct as to every material matter" in that petitioner "well knew and believed [that] he had received substantial income in addition to" that which he reported.

In *Considine v. Commissioner*, 68 T.C. 52 (1977), a case in which the taxpayer had been convicted under section 7206(1) and was disputing the addition to tax under section 6653(b), we held that "a conviction under section 7206(1) for 'willfully'

---

[6]See also *Gersh v. Commissioner*, T.C. Memo. 1984–522.

making a return which the taxpayer does not believe to be true and correct is proof that the return is fraudulent," and that the taxpayer was thus "collaterally estopped to deny that he willfully filed a false and fraudulent return." *Considine v. Commissioner, supra* at 61, 68.

Our reasoning in *Considine* was as follows: (1) This Court, in *Amos v. Commissioner,* 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965), had held that "the term 'willfully' as used in section 7201[7] has authoritatively been defined in prior judicial decisions to encompass all of the elements of fraud which are envisioned by the civil penalty described in section 6653(b)"; (2) the Supreme Court, in *United States v. Bishop,* 412 U.S. 346, 356–361 (1973), had held that "willfully" has the same meaning in each of sections 7201, 7202, 7203, 7204, 7205, 7206, and 7207; therefore, (3) a conviction under section 7206(1) actually and necessarily determined that there was, for purposes of section 6653(b), a specific intention to evade tax. *Considine v. Commissioner, supra* at 59–60. Our opinion in *Considine* and the rationale upon which it was predicated were followed in the Court-reviewed opinion in *Goodwin v. Commissioner,* 73 T.C. 215, 224 (1979), with six Judges dissenting.

Subsequent to our opinions in *Considine v. Commissioner, supra,* and *Goodwin v. Commissioner, supra,* the Court of Appeals for the Ninth Circuit had occasion, in *Considine v. United States,* 683 F.2d 1285, 1287 (9th Cir. 1982), to review the imposition of the addition to tax for fraud on the Considines for the taxable year 1965[8] by the United States District Court on the ground that Mr. Considine's conviction of a violation of section 7206(1) for that year collaterally estopped him from contesting the fraud element of the addition to tax for that year under section 6653(b). The Ninth Circuit disa-

---

[7]Sec. 7201 provides, in relevant part—

"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony."

[8]The interplay between the criminal and civil phases of the Considines' liability for Federal income taxes for the taxable years 1965–67 and 1969 has had the attention of the courts on several occasions. Mr. Considine was convicted under sec. 7206(1) as to his returns for 1965–67 and 1969 (*United States v. Considine,* an unreported case (S.D. Cal. 1973, 34 AFTR 2d 74–5412, 74–2 USTC par. 9639), affd. 502 F.2d 246 (9th Cir. 1973)), and brought three separate actions challenging respondent's subsequent imposition of the additions to tax under sec. 6653(b). *Considine v. Commissioner,* 68 T.C. 52 (1977), concerned the addition for 1969; *Considine v. United States,* 645 F.2d 925 (Ct. Cl. 1981), concerned the additions for 1966 and 1967; and *Considine v. United States,* 683 F.2d 1285 (9th Cir. 1982), concerned the addition for 1965.

greed with the District Court's application of collateral estop-pel, and, in so doing, stated flatly that they believed that our opinion in *Considine v. Commissioner, supra,* was incorrect. See 683 F.2d at 1287.[9] Beyond the Ninth Circuit's criticism of our opinion in *Considine v. Commissioner, supra,* it has been held on numerous occasions, both before and after *Considine,* although not in the context of the issue of collateral estoppel, that the intent to evade taxes is not an element of the crime covered by section 7206(1). *United States v. Tsanas,* 572 F.2d 340, 343 (2d Cir. 1978); *United States v. Beasley,* 519 F.2d 233, 245 (5th Cir. 1975); *United States v. DiVarco,* 484 F.2d 670, 673–674 (7th Cir. 1973); *Siravo v. United States,* 377 F.2d 469, 472 n. 4 (1st Cir. 1967); *United States v. Hans,* 548 F. Supp. 1119, 1124 (S.D. Ohio 1982); *United States v. Anderson,* 254 F. Supp. 177, 183–185 (W.D. Ark. 1966); see also *United States v. Whyte,* 699 F.2d 375, 381 (7th Cir. 1983).[10]

Against this background, we have reexamined our opinions in *Goodwin v. Commissioner, supra,* and *Considine v. Commissioner, supra,* and have concluded that they should no longer be followed to the extent that they hold that a conviction under section 7206(1) is equated by way of collateral estoppel with the existence of fraud within the meaning of section 6653(b).

We begin our analysis in support of our conclusion with the word "willfully," as used in section 7206(1). In *United States v. Pomponio,* 429 U.S. 10 (1976), the Supreme Court held that, for purposes of sections 7201–7207, "willfully" "simply means a voluntary, intentional violation of a known legal duty." 429 U.S. at 12; see *United States v. Bishop,* 412 U.S. at 360. This definition says nothing about fraud, and requires nothing more than a specific intention to violate the law. *United States*

---

[9]The District Court was nevertheless affirmed on the ground that the Government had in fact carried its burden of proof on the fraud issue under sec. 6653(b) with respect to both Mr. and Mrs. Considine. In *Considine v. United States,* 645 F.2d 925, 928–931 (Ct. Cl. 1981), which involved the Considines' taxable years 1966 and 1967, the Government contended only that the issue of knowing falsification as to the amount of income and deductions should be disposed of on the basis of collateral estoppel, and did not claim that collateral estoppel applied to the issues of intent to evade or existence of an underpayment. See 645 F.2d at 928. The Court of Claims was thus not required to reach the issue which was the fulcrum of our opinions in *Considine* and *Goodwin.* It sustained the Government's limited contention and, like the Court of Appeals for the Ninth Circuit, went on to hold that the Government had in fact carried its burden of proof as to fraud.

[10]We note that respondent has not cited, and our research has not revealed, any authority, other than our opinions in *Considine* and *Goodwin,* that fraud, i.e., intent to evade taxes, is an element of the offense under sec. 7206(1).

*v. Pomponio*, 412 U.S. at 11–13; see also *United States v. Koliboski*, 732 F.2d 1328, 1331 n. 2 (7th Cir. 1984). In *Bishop*, the Court buttressed its conclusion that "willfully" has this uniform meaning in sections 7201–7207 by noting those statutes' differences from one another, specifically in the express designation of the specific elements of each offense. *United States v. Bishop*, 412 U.S. at 357–360. For example, the Court described the specific element of the offense under section 7201 as the "attempt to evade." *United States v. Bishop*, 412 U.S. at 359. The Court went on explicitly to caution against interpreting the word "willfully," as used in sections 7201–7207, to include this section 7201 element—

Semantic confusion sometimes has been created when courts discuss the express requirement of an "attempt to evade" in section 7201 as if it were implicit in the word "willfully" in that statute. * * * Greater clarity might well result from an analysis that distinguishes the express elements, such as an "attempt to evade," prescribed by section 7201, from the uniform requirement of willfulness. [*United States v. Bishop*, 412 U.S. at 360 n.8.]

In *Amos v. Commissioner, supra*, we equated the element necessary for conviction under section 7201 (i.e., an "attempt to evade"). with that essential for the imposition of the civil penalty under section 6653(b) (i.e., an "underpayment * * * due to fraud"). *Amos v. Commissioner, supra* at 55. Because the attempt to evade tax is the gravamen of fraud (see, e.g., *Hebrank v. Commissioner, supra* at 642), we concluded in *Amos* that a taxpayer convicted under section 7201 of having attempted to evade or defeat a tax for a taxable year is collaterally estopped from denying under section 6653(b) that part of his underpayment for the same year was "due to fraud." Such identity of criminal tax evasion and civil tax fraud for purposes of collateral estoppel has been repeatedly sustained by the courts. See *Gray v. Commissioner*, 708 F.2d 243, 246 (6th Cir. 1983), affg. a Memorandum Opinion of this Court, and cases cited thereat; see also *Plunkett v. Commissioner*, 465 F.2d 299, 305 (7th Cir. 1972), affg. a Memorandum Opinion of this Court. However, to have held, as we did in *Considine v. Commissioner, supra*, and *Goodwin v. Commissioner, supra*, that a conviction for "willfully" making a false statement in an income tax return within the meaning of section 7206(1) estops a taxpayer from denying that any underpayment made for the year of the return was "due to

fraud" misapplies the principle of collateral estoppel and creates the semantic confusion warned against in *United States v. Bishop, supra.*

In a criminal action under section 7206(1), the issue actually litigated and necessarily determined is whether the taxpayer voluntarily and intentionally violated his or her known legal duty not to make a false statement as to any material matter on a return. See *United States v. Pomponio, supra* at 12; *United States v. Bishop, supra* at 360. The purpose of section 7206(1) is to facilitate the carrying out of respondent's proper functions by punishing those who intentionally falsify their Federal income tax returns (*United States v. Greenberg*, 735 F.2d 29, 31 (2d Cir. 1984); *United States v. DiVarco, supra* at 673), and the penalty for such perjury is imposed irrespective of the tax consequences of the falsification (*Gaunt v. United States*, 184 F.2d 284, 288 (1st Cir. 1950); *United States v. DiVarco*, 343 F. Supp. 101, 103 (N.D. Ill. 1972), affd. 484 F.2d 670 (7th Cir. 1973)). As noted above, the intent to evade taxes is not an element of the crime charged under section 7206(1). See cases cited *supra* p. 641. Thus, the crime is complete with the knowing, material falsification, and a conviction under section 7206(1) does not establish as a matter of law that the taxpayer violated the legal duty with an intent, or in an attempt, to evade taxes.

In short, it cannot be said that the combined effect of the Supreme Court's opinions in *United States v. Pomponio, supra*, and *United States v. Bishop, supra*, and our opinion in *Amos v. Commissioner, supra*, is to equate the standards under section 7206(1) with those under section 6653(b); the Supreme Court simply did not engraft the "attempt to evade" language from section 7201 into section 7206(1) by holding that "willfully" has a uniform meaning in sections 7201–7207. See *Considine v. United States*, 683 F.2d at 1287.[11] Thus, to the extent that they give collateral estoppel effect to a conviction under section 7206(1) on the issue of intent to evade tax under section 6653(b), *Considine v. Commissioner, supra*, and *Goodwin v. Commissioner, supra*, are overruled. Of course, a conviction for willful falsification, under section 7206(1), while not disposi-

---

[11]See also *Rinehart v. Commissioner*, T.C. Memo. 1983–184; *Schmitz v. Commissioner*, T.C. Memo. 1983–482; cf. *Buras v. Commissioner*, T.C. Memo. 1985–26 (sec. 7203).

tive, will be one of the facts to be considered in a trial on the merits.

In the instant case, petitioners argue that we should deny respondent's motion for partial summary judgment because petitioner's lack of business acumen, and not an attempt to evade taxes, was the reason for the underpayments in question, and the factual issue thus raised is a "genuine issue as to any material fact" under Rule 121(b). We agree. The issue of intent, adequately raised by petitioners herein, is clearly one requiring a trial on the merits. See *Oakland Hills Country Club v. Commissioner*, 74 T.C. 35, 39–40 (1980); *Hoeme v. Commissioner*, 63 T.C. 18, 20 (1974); cf. *Considine v. United States*, 683 F.2d at 1288 (intent to evade is "natural inference" from willful underpayment by sophisticated, knowledgeable taxpayer).[12] Thus, on the sole issue before us, i.e., the addition to tax for 1978, respondent's motion for partial summary judgment will be denied.

*An appropriate order will be entered.*

Reviewed by the Court.

DAWSON, FAY, SIMPSON, STERRETT, GOFFE, CHABOT, NIMS, PARKER, WHITAKER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, and WRIGHT, *JJ.*, agree with the majority opinion.

WILBUR, JACOBS, and GERBER, *JJ.*, did not participate in the consideration of this case.

---

KÖRNER, *J.*, dissenting: I respectfully disagree with the conclusion of the majority in this case that petitioner, John T. Wright, is not estopped by his conviction under section 7206(1) to deny that his Federal income tax return for 1978 was false in that he willfully and knowingly omitted income therefrom which he knew should have been reported. That fact was conclusively established by his guilty plea to the indictment under section 7206(1), which contains the specific allegation of willfully and intentionally failing to report income which

---

[12]We do not have a sufficient factual foundation in the moving papers to determine that no material issue of fact exists as to the fraud, as the Court of Appeals for the Ninth Circuit and the Court of Claims were able to do in the *Considine* cases before them.

petitioner knew he should have done. He is thus collaterally estopped to deny that fact in the instant case. *Nell v. Commissioner*, T.C. Memo. 1982–228. His guilty plea is as much a conviction as a conviction following a jury trial. *Gray v. Commissioner*, 708 F.2d 243, (6th Cir. 1983), affg. T.C. Memo. 1981–1, cert. denied 466 U.S. ____ (1984).

For this reason, I would conclude that there is no issue of material fact in this case as to whether petitioner's failure to report all his income on his 1978 return was an innocent mistake due to his lack of business acumen. A conviction under section 7206(1) of filing a false return from which income is omitted does not, standing alone, establish the fraudulent intent to evade tax required to support the addition to tax under section 6653(b). However, here the parties have stipulated that petitioner's willful and knowing omission of income from his 1978 return resulted in an underpayment of tax. In my view, petitioner's willfully and knowingly filing a false return for the year 1978, combined with the stipulation of the parties that the willful omission of income from that return resulted in an underpayment of tax, establishes the intent to evade necessary to a determination of the addition to tax under section 6653(b). Based on the holdings and discussions in *Considine v. United States*, 683 F.2d 1285 (9th Cir. 1982); *Considine v. United States*, 645 F.2d 925 (Ct. Cl. 1981); and *Goodwin v. Commissioner*, 73 T.C. 215 (1979), I would grant respondent's Motion for Summary Judgment in this case.