T.C. Memo. 1997-374


UNITED STATES TAX COURT


STANLEY L. WADE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

STANLEY L. AND JANET WADE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 4623-94, 4703-94.       Filed August 18, 1997.


J. Jay Bullock and Karen Bullock Kreeck, for petitioners.

Joel A. Lopata, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  Respondent determined deficiencies in and additions to petitioners' joint Federal income taxes and a deficiency in and additions to petitioner Stanley Wade's (petitioner's) individual Federal income tax, as follows:

Stanley L. and Janet Wade
Docket No. 4703-94

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6661 |
| 1982 | $131,240 | $65,620 | * | $32,810 |
| 1983 | 156,291 | 78,146 | * | 39,073 |

* 50 percent of interest due on portion of
  underpayment attributable to fraud.

Stanley L. Wade
Docket No. 4623-94

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1984 | $133,837 | $33,459 | $8,415 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After settlement of some issues, the issues for decision are: (1) Whether petitioners are liable for the fraud and other additions to tax, (2) whether petitioner may deduct $230,137 of claimed business expenses, and (3) whether the period of limitations bars assessment of the tax deficiencies and additions to tax for 1982, 1983, and 1984.

FINDINGS OF FACT

Some facts have been stipulated and are so found. When the petitions were filed, petitioners resided in Salt Lake City, Utah.

During the years in issue, petitioners, as sole proprietors, owned and operated an apartment rental business in the Salt Lake City metropolitan area. Petitioners owned seven apartment complexes consisting of a total of 482 rental units. Petitioners generally shared responsibility for operating the apartment rental business and for maintaining and managing the apartments.

Petitioners did not keep formal books and records with regard to their apartment rental business, nor did petitioners hire a bookkeeper or accountant to maintain any books and records.

The only records that petitioners maintained of income relating to their apartment rental business consisted of reports from apartment managers. The only records that petitioners maintained of expenses relating to their apartment rental business consisted of canceled checks and copies of bills. Apparently, petitioners maintained no journals or ledgers relating to their apartment rental business.

On each of March 4, September 29, September 30, and December 30, 1983, petitioners purchased from various banks a certificate of deposit, each in the amount of $100,000.

For 1982 and 1983, petitioners prepared for their income tax return preparer handwritten summaries with respect to rental income and expenses relating to petitioners' apartment rental business. On the summary sheets, petitioners' rental income and most expenses for each year were indicated using the seven

apartment managers' reports, petitioners' canceled checks, and the bills.

Before these summary sheets, however, were given to the income tax return preparer, petitioner reduced the figures reflected thereon for rental income by altering the figures that were initially reflected on the sheets. Petitioner did not inform his wife nor the income tax return preparer that he had reduced the figures on the summary sheets for the rental income.

For 1982 and 1983, the summaries given to the income tax return preparer did not reflect separate items for repair and maintenance expenses relating to petitioners' apartment rental business.

To prepare petitioners' Federal income tax returns for 1982 and 1983, petitioners' income tax return preparer used the above handwritten summaries reflecting the reduced rental income figures that petitioner had entered thereon. The income tax return preparer did not perform any accounting for petitioners, and he did not have access to any books and records relating to petitioners' apartment rental business.

On Schedule E of their Federal income tax returns for 1982 and 1983, petitioners claimed specific deductions in the respective amounts of $265,389 and $350,474 for repair and maintenance expenses relating to their apartment rental business.

Petitioners' 1982 and 1983 joint Federal income tax returns were filed respectively on April 15, 1983, and April 12, 1984,

and petitioners' 1982 and 1983 joint Federal income tax returns reflected that petitioners owed no Federal income tax.

On audit for 1982 and 1983, respondent determined that petitioners, on their 1982 and 1983 joint Federal income tax returns, fraudulently understated their income from their apartment rental business, and respondent determined for those years the fraud additions to tax and the substantial understatement addition to tax.

Respondent's notice of deficiency for petitioners' tax years 1982 and 1983 was mailed to petitioners on December 15, 1993. Respondent's separate notices of deficiency to petitioners for 1984 were also mailed on December 15, 1993.

Petitioner Janet Wade did not file a petition as to the notice of deficiency she received for 1984.

During respondent's audit, on April 23, 1993, petitioners submitted to respondent a copy of a Form 1040 (U.S. Individual Income Tax Return) that purported to be a copy of petitioners' 1984 joint Federal income tax return that was allegedly filed by petitioner in 1988 and that reflected a tax due of $386.

At the time of trial, respondent's computer records indicated that neither petitioner had filed a Federal income tax return for 1984 and that neither petitioner had paid any income tax for 1984. Respondent did not accept or treat the above Form 1040 as "filed" by petitioners in 1993 because the document

reflected only a copy of petitioner's signature and did not reflect a signature of petitioner Janet Wade.

For 1984, petitioner claims a business expense deduction in the amount of $230,137 with regard to a consulting fee allegedly paid to Profiteer Corp.

On April 12, 1989, as a result of a criminal tax investigation with regard to petitioners' Federal income tax liabilities for 1982 and 1983, petitioners were charged under section 7206(1) with filing false Federal income tax returns. On March 26, 1990, the charges against petitioner Janet Wade were dismissed. Petitioner, however, pleaded guilty to the charges, and on June 12, 1990, a judgment was entered against petitioner for the above offenses.

The parties herein have agreed to the correct amount of apartment rental income that petitioners should have reported on their 1982, 1983, and 1984 Federal income tax returns. The following schedule reflects, for 1982, 1983, and 1984, the rental income from petitioners' apartment rental business that was reported on petitioners' joint Federal income tax returns and the correct rental income as now agreed to by the parties:

| Year | Rental Income As Reported | Rental Income As Agreed To |
|------|---------------------------|----------------------------|
| 1982 | $1,000,339 | $1,244,386 |
| 1983 | 1,125,890 | 1,380,080 |
| 1984 | 1,407,818* | 1,407,818 |

* This figure reflects income as reported on petitioners' purported 1984 joint Federal income tax return.

OPINION

To establish fraud, respondent has the burden of proving by clear and convincing evidence that a taxpayer underreported the correct tax liability and that the taxpayer's underreporting was due to fraudulent intent. Sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 646 (1994); Recklitis v. Commissioner, 91 T.C. 874, 909 (1988).

With regard to fraudulent intent, respondent is required to prove that a taxpayer intended to evade taxes by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Zell v. Commissioner, 763 F.2d 1139 (10th Cir. 1985), affg. T.C. Memo. 1984-152; Parks v. Commissioner, 94 T.C. 654, 661 (1990); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983).

Generally, fraud is established by circumstantial evidence because direct evidence of fraud is not available. Clayton v. Commissioner, supra at 647; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Courts have developed certain indicia of fraud, including the following: (1) Understatement of income; (2) inadequate books and records or alterations of books and records; (3) failure to file income tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealed assets; and (6) failure to cooperate with tax authorities. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601.

Although not dispositive, a conviction for filing false Federal income tax returns under section 7206(1) is evidence of fraudulent intent.  Wright v. Commissioner, 84 T.C. 636, 643-644 (1985).

Where false or fraudulent Federal income tax returns are filed with an intent to evade tax, the normal 3-year period of limitation on assessment does not apply.  Sec. 6501(c).  Also, the 3-year period of limitation on assessment does not begin to run unless a taxpayer's Federal income tax return is delivered to and received by respondent.  Walden v. Commissioner, 90 T.C. 947, 951 (1988).

Where a joint Federal income tax return was filed, a finding that fraud was committed by either spouse keeps the period of limitation on assessment open with respect to both spouses.  Vannaman v. Commissioner, 54 T.C. 1011, 1018 (1970).

Generally, taxpayers bear the burden of proving that they are entitled to claimed deductions.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Taxpayers are expected to maintain adequate records to substantiate claimed deductions.  Sec. 6001.  In carrying on a trade or business, only ordinary and necessary business expenses are deductible.  Sec. 162(a).

For 1982 and 1983, petitioners argue that they did not fraudulently intend to evade their correct Federal income tax liabilities.  Petitioners argue that the reductions petitioner made to the rental income on the summary sheets were based on

advice he received from his income tax return preparer and that the reductions represented repair and maintenance expenses of the apartment rental business that were netted against rental income.

Petitioners also argue that the income tax return preparer incorrectly, and without their knowledge, decided to deduct on Schedule E of their income tax returns repair and maintenance expenses without notifying petitioners. Petitioners argue further that when they signed and filed their 1982 and 1983 joint Federal income tax returns, they did not know that the returns effectively double claimed repair and maintenance expenses and underreported income from the apartment rental business.

For 1982 and 1983, respondent argues that petitioners fraudulently understated income from their apartment rental business on their joint Federal income tax returns and accordingly that no period of limitations on assessment is applicable to those years.

Petitioners agree that for 1982 and 1983 they understated their taxable income from their apartment rental business and that they underpaid their Federal income taxes. Accordingly, petitioners' underpayment of their Federal income taxes for 1982 and 1983 is established.

The evidence indicates and we so conclude that, on the 1982 and 1983 summary sheets, petitioner made the reductions to rental income from petitioners' apartment rental business to reduce or eliminate petitioners' Federal income tax liabilities. Neither

petitioner Janet Wade nor petitioners' income tax return preparer was informed of the reductions made by petitioner.

Petitioner's alleged justification for the reductions on the summary sheets (namely, to net repair and maintenance expenses against rental income) is contradicted by the separate deductions claimed on petitioners' returns for such expenses. Petitioners' testimony that the separate deductions for repair and maintenance expenses were claimed on their returns by their income tax return preparer without their knowledge is not believable, and we reject such testimony.

For 1982 and 1983, petitioners maintained inadequate records with regard to their apartment rental business.

In 1983, petitioners purchased certificates of deposit totaling $400,000, while petitioners reported on their joint Federal income tax returns no taxable income for both 1982 and 1983.

Also, for 1982 and 1983, petitioner pleaded guilty to filing false Federal income tax returns.

On the evidence before us, we conclude that for 1982 and 1983 petitioner intentionally attempted to evade petitioners' correct joint Federal income tax liabilities, and we sustain respondent's imposition of the fraud additions to tax against petitioner.

Petitioner's educational background and his lack of training in accounting and business do not preclude our imposition of the fraud additions to tax.

We do not sustain the fraud additions to tax with respect to petitioner Janet Wade for 1982 and 1983. The evidence does not establish that petitioner Janet Wade participated in, or knew of, petitioner's alterations to the summary sheets.

In light of our finding of fraud as to petitioner for 1982 and 1983, the period of limitations does not bar assessment of deficiencies against petitioners for those years.

Section 6661 provides for an addition to tax where an understatement in tax exceeds 10 percent of the tax required to be shown on the return or $5,000. Sec. 6661. Petitioners have made no separate argument regarding this addition to tax for 1982 and 1983, and we sustain respondent's determination thereof.

For 1984, petitioner apparently argues that the copy of the Form 1040 that he submitted to respondent in 1993 purportedly represents a copy of petitioners' 1984 joint Federal income tax return that petitioner claims was actually filed in 1988. Thus, petitioner argues that the period of limitations for 1984 had expired by the time respondent mailed to petitioner on December 15, 1993, the notice of deficiency for 1984. Alternatively, petitioner argues that for 1984 he is entitled to

deduct $230,137 as an ordinary and necessary business expense with respect to funds allegedly paid to Profiteer Corp.

For 1984, respondent argues that petitioner failed to file a Federal income tax return, that no period of limitations on assessment is applicable, and that petitioner has not met his burden of proving that he paid $230,137 to Profiteer Corp. for consulting services.

The evidence indicates that petitioners did not file their 1984 Federal income tax return in 1988 and that the period of limitations for assessment of tax for 1984 remained open when respondent mailed to petitioner the notice of deficiency for 1984. Therefore, we conclude that for 1984 the period of limitations does not bar respondent's assessment of a deficiency for that year.

We also conclude that petitioner is not entitled to deduct for 1984 the claimed $230,137 consulting fee allegedly paid to Profiteer Corp. Petitioner has not adequately substantiated the fact of payment or the nature of the claimed fee. Petitioner's testimony regarding the claimed fee is contradictory and not credible.

The addition to tax under section 6651(a)(1) for 1984 applies unless the taxpayer shows that the failure to file an income tax return was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). Petitioner contends that he

was instructed by his income tax return preparer not to file any Federal income tax returns during respondent's criminal investigation of petitioners' 1982 and 1983 returns. Petitioner, however, has offered no explanation for not filing his 1984 income tax return immediately after the conclusion in 1990 of the criminal tax proceedings against him. We sustain respondent's determination of this addition to tax.

Finally, we sustain for 1984 respondent's determination under section 6654 of the addition to tax for the failure of petitioner to pay estimated taxes. Petitioner did underpay estimated taxes with regard to income earned in 1984, and petitioner does not meet any of the exceptions to the requirement to pay estimated taxes. Sec. 6654(d).

To reflect the foregoing,

Decisions will be entered under Rule 155.