T.C. Memo. 1998-209


UNITED STATES TAX COURT


JOHN J. MALONEY and MARY FRANCES MALONEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4421-96.                    Filed June 16, 1998.


<u>Gregory R. Noonan</u>, for petitioners.

<u>George D. Curran</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  In a notice of deficiency issued on January 22, 1996, respondent determined deficiencies, additions to tax, and civil fraud penalties relating to John and Mary Maloney's 1984 and 1986 Federal income taxes.  The parties have settled all issues relating to the 1984 tax year.  Among the issues relating

to the 1986 tax year is whether the period of limitation on assessment has expired. We conclude that assessment is barred, and, therefore, the other issues are moot. All section references are to the Internal Revenue Code in effect for 1986, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

At the time John Maloney and Mary Maloney filed their petition, they resided in Perkiomenville, Pennsylvania. Mr. Maloney is a mechanical engineer, and from approximately 1969 to 1989, he operated a sole proprietorship and employed the accounting services of Robert Butler. Each year, Mr. Maloney provided Mr. Butler with check stubs, bank statements, and information relating to his accounts receivable and payable. Mr. Butler used this information to prepare balance sheets, income statements, trial balances, general ledgers, cash disbursement journals, and, ultimately, petitioners' Federal income tax returns. Mr. Maloney believed that Mr. Butler used the accrual method of accounting to prepare these records and returns.

From 1984 through 1986, Mr. Maloney was the project engineer for a prison being constructed in Montgomery County, Pennsylvania. During this period, Mr. Maloney on a monthly basis billed the county, which in turn, paid him by check. In 1984, the county paid Mr. Maloney $409,624.55. In early 1985, the

county issued Mr. Maloney two Forms 1099 stating that in 1984 it paid him $445,516.48 and $6,942.35 and a "corrected" Form 1099 stating it paid him $432,000.13. Mr. Butler prepared Mr. Maloney's general ledgers and 1984 tax return. On their return, petitioners elected accrual as the method of accounting and reported $409,625 of gross receipts.

In 1985, the county paid Mr. Maloney $370,734.49. In early 1986, the county issued Mr. Maloney a Form 1099 stating that in 1985 it paid him $298,788.16. Petitioners, on their 1985 return, reported $370,836 of Schedule C gross receipts but did not identify their method of accounting.

During 1986, the Internal Revenue Service (IRS) interviewed Mr. Maloney in connection with a Federal grand jury investigation into the county's prison construction project. Mr. Maloney provided the workpapers that his accountant had prepared and fully cooperated with the investigation, which continued through 1987.

In 1986, the county paid Mr. Maloney $927,992.65. Mr. Butler recorded on the 1986 general ledger $880,565.83. In early 1987, the county issued a Form 1099 stating that it paid Mr. Maloney $844,497.87 in 1986. After receiving this form, Mr. Butler changed the amount of gross receipts reflected on the 1986 general ledger from $880,565.83 to $844,497.87. Subsequently, the county issued two corrected Forms 1099, each stating that in

1986 the county paid Mr. Maloney $927,922.65. On their 1986 return, petitioners reported Schedule C gross receipts of $844,498, claimed an overpayment of $15,299, and did not identify their method of accounting.

On June 27, 1987, petitioners filed an amended 1986 return, which Mr. Butler had prepared. On the amended return, petitioners elected the accrual method of accounting, increased their taxable income from the original return by $11,538.45, and stated that they owed $5,769. The following chart is contained in the explanation portion of the amended return:

|  | 1099s | Schedule C | Difference |
|---|---|---|---|
| 1985 | $298,788.16 | $370,744.49 | $71,956.33 |
| 1986 | +927,992.65 | +844,497.87 | -83,494.78 |
| Total | 1,226,780.81 | 1,215,242.36 | (11,538.45) |

In essence, petitioners calculated their unreported income by subtracting the amount Mr. Maloney believed they overreported on their 1985 return (i.e., $71,596.33) from the amount that they underreported on their 1986 return (i.e., $83,494.78).

In April of 1991, a Federal grand jury indicted Mr. Maloney and Mr. Butler on numerous counts. In pertinent part, the indictment states:

> Count 2: THE GRAND JURY FURTHER CHARGES THAT: On or about April 8, 1987 * * * John J. Maloney * * * did willfully make and subscribe a federal income tax return for the year 1986, * * * which tax return he did not believe to be true and correct as to every material matter in that the return stated that his taxable income for this year was $155,923, when in fact and as he then well knew, his taxable income was $239,418.

In violation of Title 26, United States Code, Section 7206(1).

Count 3:  THE GRAND JURY FURTHER CHARGES THAT:  On or about June 27, 1987 * * * John J. Maloney * * * did willfully make and subscribe an amended federal income tax return for the year 1986, * * * which tax return he did not believe to be true and correct as to every material matter in that the return stated that his taxable income for this year was $167,461 when in fact and as he then well knew, his taxable income was $239,418.
In violation of Title 26, United States Code, Section 7206(1).

A jury returned a verdict of guilty with respect to both of the above counts, and in September of 1992 judgment was entered and Mr. Maloney was sentenced.  Mr. Butler pleaded guilty to three counts of violating section 7206(2) (assisting the false filing of a return) and one count of violating 18 U.S.C. 371 (conspiracy to defraud the Government).  On January 22, 1996, respondent issued the notice of deficiency that petitioners now contest.

OPINION

Section 6501(a) provides that, generally, the amount of any tax must be assessed within 3 years of the filing of a return. Section 6501(c)(1), however, provides that if the taxpayer files a false or fraudulent return with the intent to evade tax, the amount of the tax due may be assessed at any time.  Respondent concedes that the notice of deficiency was issued after the expiration of the 3-year period but contends that petitioners filed false or fraudulent original and amended returns and, therefore, assessment is not barred.

Respondent must establish by clear and convincing evidence that petitioners filed a false or fraudulent return with the intent to evade tax. Botwinik Brothers of Mass., Inc. v. Commissioner, 39 T.C. 988, 996 (1963); Davis v. Commissioner, T.C. Memo. 1991-603. Respondent may prove such intent by circumstantial evidence, Davis v. Commissioner, supra, which may include substantial understatement of income, inadequate books and records, failure to file returns, concealment of assets, failure to cooperate with tax authorities, and participation or concealment of illegal activities. Chin v. Commissioner, T.C. Memo. 1994-54; see Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992).

We must first determine to what extent, if any, Mr. Maloney's conviction under section 7206(1) collaterally estops petitioners from asserting exculpatory facts. The doctrine of collateral estoppel precludes the relitigation of any issue of fact or law that is actually litigated and necessarily determined by a valid and final judgment. Montana v. United States, 440 U.S. 147, 153 (1979); Wright v. Commissioner, 84 T.C. 636, 639 (1985). Because the intent to evade tax is not an element of the crime charged under section 7206(1), a conviction under this section does not establish, as a matter of law, that a taxpayer intended to evade tax. Wright v. Commissioner, supra at 643;

McCulley v. Commissioner, T.C. Memo. 1997-285; Kaissy v. Commissioner, T.C. Memo. 1995-474.

While respondent has established that Mr. Maloney is estopped from denying that he willfully attested to a return that he believed understated his 1986 taxable income, respondent has not established that Mr. Maloney intended to evade tax. Cf. McCulley v. Commissioner, supra (concluding that the taxpayer, who had been convicted under section 7206(1), did not intend to evade tax because she did not know that embezzlement income was taxable); Kaissy v. Commissioner, supra (concluding that the taxpayer, who had been convicted under section 7206(1), did not intend to evade tax because he relied on his accountant).

Mr. Maloney knew that on their 1986 return he and Mrs. Maloney understated their 1986 income. Mr. Maloney believed, however, that on their 1985 return they had overstated their 1985 income by approximately the same amount and that, cumulatively, during the years that he worked for the county, he reported his total gross receipts. In addition, the typical indicia of an intent to evade tax are not present. Mr. Maloney maintained excellent records, provided all pertinent information to his accountant and subsequently to the IRS, cooperated with the IRS's investigation, and did not employ any scheme, artifice, or device to conceal income. Accordingly, the 3-year statute of limitation

bars assessment, and all other issues raised by the parties are moot.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.