T.C. Memo. 2004-242

UNITED STATES TAX COURT

ST. LUC VALBRUN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19495-02.              Filed October 25, 2004.

<u>Steven M. Harris</u>, for petitioner.

<u>D'aun E. Clark</u> and <u>Kenneth A. Hochman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Chief Judge</u>:  After petitioner filed an Amended U.S. Individual Income Tax Return for the 1990 taxable year showing an increase in tax of $33,255, respondent determined a $26,050 fraud

penalty under section 6663[1] for petitioner's 1990 taxable year. The sole issue remaining for our consideration is whether petitioner is liable for the civil fraud penalty under section 6663 for the taxable year 1990.

### FINDINGS OF FACT

At the time of the filing of the petition in this case, petitioner resided in Haiti. For the taxable year 1990, petitioner derived income in Florida from tax return preparation, selling automobile insurance, and providing immigration services. His business activities were conducted predominantly in cash. Petitioner reported only $7,481 of insurance sales income, $6,235 of bank interest income, and a total tax of $1,479.

Sometime in May or June of 1992, respondent began an audit of petitioner's 1990 tax return.[2] When initially asked for records related to his business activities, petitioner did not produce any income records or bank statements, claiming that they were lost. Petitioner did produce an organized collection of checks in connection with his expenses. Later, petitioner's accountant produced records relating to petitioner's insurance sales and records concerning more than 1,000 customers for whom

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent also audited the 1989 and 1991 returns, but those returns are not at issue in this case.

petitioner had prepared income tax returns,[3] but no bank statements.

From the customer logs provided and various books of receipt, respondent's tax examiner (the examiner) computed income from petitioner's business activities as follows:

| Business | Originally Reported | Per Audit | Understatement |
|---|---|---|---|
| Insurance sales | $7,481 | $63,394 | $55,913 |
| Tax return preparation | -0- | 24,000 | 24,000 |
| Other services | -0- | 2,480 | 2,480 |
| | 7,481 | 89,874 | 82,393 |

In addition, the examiner also determined that petitioner received interest income from personal loans he made. The examiner also verified through Forms 1099 that had been received by respondent that petitioner's interest income for 1990 was understated. The examiner verified interest income of $15,414, resulting in an understatement of interest income of $9,179. The record does not reflect whether any interest from the personal loans was included in this amount. Therefore, the actual understatement of interest income could have been larger than $9,179.

On August 4, 1997, petitioner pleaded guilty to one count of willfully making and subscribing a false income tax return under section 7206(1) for 1990. Petitioner was voluntarily deported from the United States to Haiti as a result of his guilty plea,

---

[3]Petitioner admitted preparing over 1,500 returns (of which approximately 20 percent were prepared for free), though there were records for only 1,080 returns.

and he agreed to file an amended 1990 tax return.  Petitioner's accountant and the examiner discussed whether the insurance income should have been reported on a corporate tax return because the insurance business had been incorporated sometime near 1990.  Ultimately, however, the income was reported on the amended return petitioner filed.

On December 7, 1997, petitioner filed the amended return, reflecting increased income of $99,095, a correct tax of $34,374, and an increase in tax of $33,255.  Respondent determined that the entire underpayment was attributable to fraud and that petitioner was liable for civil fraud penalties of $26,050 under section 6663 for the 1990 taxable year.[4]

OPINION

If any part of an underpayment is due to fraud, a penalty equal to 75 percent is imposed on the portion of the underpayment which is attributable to fraud.[5]  Sec. 6663(a).  Fraud is defined

---

[4]Respondent's determination of the amount of penalty appears to be incorrect because the amount is based on the total correct tax, not the portion of the underpayment attributable to fraud. Consequently, it does not give petitioner credit for the $1,479 of tax shown on the original return.  Therefore, if we find that the underpayment of tax is attributable to fraud, the penalty should be based on no more than the total underpayment of $33,255, not the total correct tax of $34,374.

[5]Pursuant to sec. 1.6664-2(c)(2), Income Tax Regs., for purposes of ascertaining the underpayment on which the sec. 6663 penalty is based, the tax shown on an amended return is not substituted for the tax shown on the return as originally filed if the latter was fraudulent.

as an intentional wrongdoing designed to evade tax believed to be owing. Edelson v. Commissioner, 829 F.2d 828, 833 (9th Cir. 1987), affg. T.C. Memo. 1986-223. The Commissioner must prove fraud by clear and convincing evidence. Rule 142(b).

To satisfy this burden, the Commissioner must show (1) that an underpayment exists, and (2) that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

The existence of fraud is a question of fact to be resolved upon consideration of the entire record. DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Fraud is never presumed and must be established by independent evidence of fraudulent intent. Edelson v. Commissioner, supra. Fraud may be shown by circumstantial evidence because direct evidence of the taxpayer's fraudulent intent is seldom available. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971).

To decide whether the fraud penalty is applicable, courts consider several indicia of fraud, or "badges of fraud", which include: (1) Understatement of income; (2) inadequate books and records; (3) failure to file tax returns; (4) implausible or

inconsistent explanations of behavior; (5) concealment of assets; (6) failure to cooperate with tax authorities; (7) filing false Forms W-4; (8) failure to make estimated payments; (9) dealing in cash; (10) engaging in illegal activity; and (11) attempting to conceal illegal activity. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). Although no single factor is necessarily sufficient to establish fraud, the combination of a number of factors constitutes persuasive evidence of fraud. See Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam T.C. Memo. 1982-603; Miller v. Commissioner, 94 T.C. 316, 334 (1990). In addition, this list is nonexclusive. See Miller v. Commissioner, supra at 334.

The intent to evade taxes is not an element of an offense under section 7206(1), and thus petitioner is not estopped to deny fraud because of his conviction. Wright v. Commissioner, 84 T.C. 636, 643 (1985). However, a conviction under 7206(1) is a probative fact that can be considered and can be persuasive evidence of the intent to evade tax. Stefansson v. Commissioner, T.C. Memo. 1994-162; Avery v. Commissioner, T.C. Memo. 1993-344.

Petitioner's section 7206(1) conviction was a result of a plea bargain. Petitioner's counsel suggests that this plea could be the result of petitioner's decision to avoid the risk of receiving a more severe punishment if he lost at trial. No

evidence has been presented that this was in fact the case, nor do we need to delve into petitioner's intentions at the time he entered into the plea bargain. The conviction, when coupled with the five indicia of fraud discussed below, provides persuasive evidence of fraud.

First, petitioner's understatement of income was substantial. He failed to report income from tax return preparation or immigration services. In addition, he failed to report nearly 60 percent of his interest income and almost 90 percent of his insurance sales income.

Second, petitioner failed to keep adequate books and records. He initially provided no sales records, customer lists, or other related documents to the examiner. Even when petitioner's accountant provided those documents, they were not complete. In addition, petitioner did not produce bank statements or Forms 1099.

Third, petitioner's explanations of his behavior were implausible and inconsistent. Petitioner's excuse provided to the examiner that his income records were lost was implausible and inconsistent because those records were subsequently provided by petitioner's accountant. In response, petitioner asserts that the accountant produced "most, but not all", of the documents because some had been lost, and therefore there was no intent to mislead or conceal anything. Even if some of the documents were

lost, failure to produce the available documents initially was misleading and inconsistent. We find incongruous the fact that petitioner claims to have lost records pertaining to income but was able to produce organized documents to substantiate expenses.

Petitioner's contention that the omitted income from insurance sales should have been reported on a corporate tax return is without effect because the income was not reported by any entity. Petitioner prepared over 1,500 tax returns. Petitioner's knowledge of the tax law belies the argument that he did not know the proper treatment of his income. Even if petitioner thought the insurance income should have been reported on a corporate tax return, that belief does not justify petitioner's reporting only a portion of the insurance income on his individual return and not reporting any income from other businesses that were not incorporated.

Fourth, petitioner failed to cooperate with the examiner. Petitioner's failure to provide available documents relating to income is a failure to cooperate. Petitioner's subsequent cooperation does not make up for his failure to cooperate with the examiner initially.

Fifth, petitioner's business was conducted almost exclusively in cash. While petitioner contends that it was customary to conduct business in cash in his native Haiti, that does not justify petitioner's Florida cash businesses, which

permitted him to conceal and fail to report income. Conducting a cash business does not per se prove fraud. When coupled with attempts to conceal transactions or avoid the requirement of reporting cash transactions, it becomes more probative. See, e.g., Beck v. Commissioner, T.C. Memo. 2001-270. Dealings in cash, however, do heighten the negative effect of inadequate record keeping, one of the indicia of fraud indicated above. Ferguson v. Commissioner, T.C. Memo. 2004-90; McGirl v. Commissioner, T.C. Memo. 1996-313, affd. without published opinion 131 F.3d 143 (8th Cir. 1997). The businesses in which petitioner was involved required substantial documentation. Conducting businesses in cash provided petitioner the opportunity to conceal his business income.

Fraudulent intent can be shown by circumstantial evidence. Gajewski v. Commissioner, 67 T.C. 181 (1976). Petitioner's knowledge of the tax law undermines any argument that he was unaware that the income was subject to tax. Petitioner's actions and behavior were consistent with an attempt to conceal. Finally, petitioner pleaded guilty to willfully making a false return under section 7206(1). After careful review of the record, we hold that petitioner's entire course of conduct demonstrates fraudulent intent.

Respondent has shown by clear and convincing evidence that petitioner's entire $33,255 underpayment of tax was fraudulent and that petitioner's underpayment is subject to the penalty under section 6663(a).

<u>Decision will be entered</u>

<u>under Rule 155.</u>