LAYNE E. SAMPSON SWOPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swope v. Commissioner
Docket No. 15633-90
United States Tax Court
T.C. Memo 1992-309; 1992 Tax Ct. Memo LEXIS 331; 63 T.C.M. (CCH) 3078; June 1, 1992, Filed *331 Decision will be entered under Rule 155. Kenneth P. Fehl, for petitioner. William D. Reese, for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies and additions to tax in petitioner's Federal income tax for the years 1982 and 1983 as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1982
$ 2,811
$ 702.75
$ 140.55
[1]
1983
$ 3,154
- 0 - $ 157.70
[1]
The parties are in agreement upon the amount of the deficiencies. The remaining questions for our decision are: (1) Whether petitioner filed *332 her Federal income tax return for tax year 1982, and (2) whether petitioner is liable for additions to tax for failure to file under section 6651(a)(1) and for negligence under section 6653(a)(1) and (2). The parties further agree, if we find petitioner did file a tax return for 1982, that the expiration of the period of limitations bars assessment of tax and additions to tax for that year. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Mountain View, California, when she filed her petition. Petitioner is a dental assistant who, during the years in question, was separated from her husband and, for 1983, filed a Federal income tax return claiming the status of married filing separately. Respondent was unable to locate petitioner's 1982 Federal income tax return. Petitioner submitted into evidence a copy of a 1982 Federal income tax return signed by her and dated "4-12-83". A copy of petitioner's Form W-2 bears a handwritten notation: "Mailed 4/13/83 Cupertino Post Office." This notation appears to be in the same handwriting as the copy of the 1982 tax return, a *333 handwriting which is not petitioner's. On both her 1982 and 1983 returns, petitioner reported only her own salary income from her Form W-2. The parties agree that, since California is a community property state, the proper reporting method for petitioner and her husband was for each to report 50 percent of the community income, i.e., each spouse should have reported 50 percent of his or her income and 50 percent of the other's income. Petitioner was unaware, in 1982 and 1983, that this was the proper method for her to report her income. Petitioner's husband prepared her tax returns for 1982 and 1983. Petitioner's copy of the 1982 return shows gross income of $ 11,444, an amount identical with that on her Form W-2, and shows an overpayment and a refund due of $ 238.10. A copy of petitioner's checking account statement dated "06-15-83" from Crocker National Bank lists a deposit of $ 238.10 as having been made on "6-14" at an automated teller machine. A copy of petitioner's personal check register shows an entry for a deposit marked "tax check". The entry is undated, but occurs immediately below an entry dated "6-10" and above an entry dated "6-13". By notice of deficiency dated *334 April 12, 1990, respondent determined deficiencies in petitioner's Federal income tax for tax years 1982 and 1983 due to failure to fully report her half of the community income. Respondent contends that, because no return was filed, the period of limitations for assessment has not expired. Sec. 6501(c)(3). The first question for our decision is whether petitioner filed a Federal income tax return for 1982. We are convinced by petitioner's testimony and other facts presented that petitioner's return was mailed and received by respondent. The fact that petitioner deposited a check in the amount of $ 238.10 on or about June 14, 1983, that this amount coincided with the exact amount of the overpayment and refund shown on the copy of her return, and that petitioner identified a contemporaneous deposit as "tax check" in her personal check register is more than coincidental. It persuades us that petitioners filed a return for 1982, that the return was received by respondent, and that a refund was made. Respondent produced only a certification of lack of record, stating that no 1982 Federal income tax return was found for petitioner. Furthermore, we found petitioner to be a reliable *335 and truthful witness, and, on the basis of the record in this case, we find that petitioner did file a Federal income tax return for tax year 1982. Consequently, we hold that the period of limitations had expired prior to the issuance of the notice of deficiency on April 12, 1990, and that assessment of a deficiency is barred. Therefore, the questions of additions to tax under section 6651(a)(1) and section 6653(a)(1) and (2) for 1982 need not be addressed. Respondent also determined as to the taxable year 1983 that petitioner is liable for additions to tax pursuant to section 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations. Negligence under section 6653(a) means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); . On the basis of the record, we do not find petitioner was negligent or intentionally disregarded rules or regulations *336 in failing to properly report her share of community income. Rather, we find petitioner made an unintentional error with regard to the taxation of such income. . Therefore, petitioner is not liable as to 1983 for additions to tax pursuant to section 6653(a)(1) and (2). Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩