**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STANLEY J. WADE,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

Nos. 98-9001, 98-9002

(U.S. Tax Court Docket Nos.
4703-94, 4623-94)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **McWILLIAMS**, and **HENRY**, Circuit Judges.

## I. BACKGROUND

Mr. Wade and his wife own and operate an apartment rental business in

Salt Lake City. In the late eighties, the Wades were indicted in United States

District Court for the District of Utah for filing false income tax returns for 1982

and 1983. Mr. Wade pled guilty, judgment was entered against him, and the

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

charges against Mrs. Wade were dropped. After the criminal proceedings, Mr. Wade filed returns for years 1985 through 1989.

In 1993, the Internal Revenue Service (IRS) issued statutory notices of deficiency to the Wades for taxable years 1982, 1983, and 1984. The Commissioner asserted deficiencies of $131,240 for 1982 and $156,291 for 1983 for underreporting of rental income. Having determined the underreporting was the result of fraud, the Commission asserted additions and an additional tax, pursuant to 26 U.S.C. §§ 6653(b) and 6661. The Commissioner asserted a deficiency of $133,837 for 1984, and additional taxes for failure to file a timely return, pursuant to 26 U.S.C. § 6651(a)(1), and failure to pay estimated taxes, pursuant to 26 U.S.C. § 6654(a).

Mr. Wade petitioned the Tax Court for a redetermination of the deficiencies, challenging their validity and applicability on various grounds. The Tax Court affirmed all assessed deficiencies in a final decision disposing of all claims. We have jurisdiction to hear Mr. Wade's appeal pursuant to 26 U.S.C. § 7482, and we affirm the decisions of the Tax Court.

## II. DISCUSSION

The instant appeal is actually two actions consolidated for appeal. Case Number 98-9001 deals with the 1984 taxes while Case Number 98-9002 deals

with the 1982 and 1983 taxes. We address the issues presented from the 1984

taxes and deficiencies assessed thereon first, then proceeding to the 1982 and

1983 taxes.

**A.      1984 Taxes**

1.      *Statute of Limitations*

Mr. Wade first asserts that the statute of limitations bars the assessment of

taxes for tax year 1984. The IRS assessed deficiencies against Mr. Wade in late

1993 for failure to file a tax return for the year 1984. Mr. Wade argued that he

filed a 1984 tax return in 1988. There is a three-year statute of limitations for the

IRS to assess deficiencies after filing. See 26 U.S.C. § 6501(a). If Mr. Wade

filed in 1988, the 1993 assessments would be outside the limitations period.

However, the tax court determined that no return was filed for the year 1984. The

three-year limitations period does not apply for years in which no return was

filed: "In the case of failure to file a return, the tax may be assessed, or a

proceeding in court for the collection of such tax may be begun without

assessment, at any time." Id. at  § 6501(c)(3). Therefore, unless we find that Mr.

Wade did file a 1984 tax return, his statute of limitations argument is without

merit. Whether Mr. Wade filed said return is a question of fact which we review

for clear error. See Hall v. Commissioner, 30 F.3d 1304, 1304 (10th Cir. 1994).

A return is filed as a matter of law when it is delivered to and received by

3

the IRS. See United States v. Lombardo, 241 U.S. 73, 76 (1916). There are exceptions to the "receipt by the IRS" requirement where the evidence is persuasive that the taxpayer did file the return. See, e.g., Swope v. Commissioner, 63 T.C.M. (CCH) 3078 (1992). In the instant case, however, there is not nearly enough evidence to establish that the tax court clearly erred when it found Mr. Wade did not file his 1984 return.

Mr. Wade has presented a 1984 return dated 1988. He has testified he remembers mailing the return immediately before lunch with his accountant in 1988. The only evidence Mr. Wade presents to suggest the Tax Court erred, is his own self-supporting testimony at trial.

The Tax Court was aware of this evidence and either found it not credible, or not sufficient to overcome the burden of persuasion that he filed a return never received by the IRS. Without any contradictory evidence, we have no ground to hold that the Tax Court clearly erred in finding he did not file a 1984 return until 1993. We affirm the finding of the Tax Court and hold the limitations period does not apply.

2.    *Addition for Failure to File*

Mr. Wade argues the Tax Court erred in sustaining an addition to his 1984 taxes for failure to file. 26 U.S.C. § 6651 (a)(1) provides for an addition to taxes for failure to file unless the taxpayer can show a reasonable cause for the failure.

The taxpayer bears the burden to establish "reasonable cause." See United States v. Boyle, 469 U.S. 241, 245 (1985).

Mr. Wade suggests his reasonable cause for not filing was the ongoing criminal proceedings – his attorney advised him to file no income taxes until the investigation was terminated. However, this explanation does nothing to clarify why Mr. Wade failed to file until 1993. The criminal investigation ended in 1990. As rationale for his failure to file in 1990, Mr. Wade contends he had already filed in 1988. This argument was rejected by the Tax Court, and, as discussed in the previous section, we do not see the Tax Court's finding on the matter to be clear error. Furthermore, the contention introduces further confusion into Mr. Wade's explanation. His stated reason for failure to file in 1984 is that he was advised not to file until the termination of the criminal investigation. Then, when confronted with his failure to file for three years after the investigation terminated, Mr. Wade suggests he filed two years *before* it terminated. Such internally inconsistent reasoning does not help his position. We affirm the Tax Court's decision that the additional taxes for failure to file were correctly assessed.

3. *Deduction of Consulting Fees*

Mr. Wade claimed a $230,137 deduction from his 1984 taxes for a fee allegedly paid to Profiteer Corp. for vaguely explained consulting services. The

Tax Court found the testimony regarding the deduction "contradictory and not credible." Rec. vol. I, doc. 34, at 12. We review credibility determinations for clear error, with heavy deference owed to the trial judge who is best situated to make those calls. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).

The taxpayer has the burden to show entitlement to a deduction. See Love Box Co. v. Commissioner, 842 F.2d 1213, 1216 (10th Cir. 1988). Entitlement to a deduction is shown by establishing, first, that payment was made, and second that payment was an "ordinary and necessary expense[] paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a).

The only evidence offered that Mr. Wade even paid the $230,000 is an invoice document and a letter from the President of Profiteer. The tax court found the entire suggestion that the money was paid "contradictory and not credible."

Mr. Wade has never consistently or sensibly given an explanation of the service received for the alleged $230,000 payment. The explanation given on appeal is that Profiteer was paid for services "related to the organization of the apartment buildings into a formal entity and with respect to financial management." See Apnt. Br. (No. 98-9001) at 18. In testimony, Mr Wade said the payment was made for Profiteer to "sell the apartments off," Rec. vol. I, doc.

6

27, at 167, or possibly, in the words of the Tax Court, for the "reorganization [of] your building." Id. at 170. This explanation prompted the tax judge to note that "[i]t doesn't make any sense frankly," to which Mr. Wade responded, "I – to me, Your Honor, now it doesn't make any sense to me either." Id. at 174.

Having little evidence suggesting that the payments were even made, and a determination of the tax judge that the allegations are not credible, we do not find clear error by the Tax Court in refusing to permit the deduction. Mr. Wade never established he even paid $230,000 and is therefore not entitled to a deduction in that amount.

## B. 1982 and 1983 Taxes

### 1. *Additions for Fraud*

26 U.S.C. § 6653(b)(1) imposes an addition to tax of 50% of any underpayment if any part of the underpayment is due to fraud. Section 6653(b)(2) imposes an additional fine of 50% of interest on the underpayment if any part of the underpayment is due to fraud. The government has the burden of proving fraud by clear and convincing evidence. See 26 U.S.C. § 7454(a); Tx. Ct. R. 142(b).

Mr. Wade paid no taxes for the years 1982 and 1983. His returns showed he owed no taxes because Mr. Wade both initially reduced his stated income by

the total amount of his maintenance costs, and then took deductions for the same amount. Mr. Wade argues this was a clerical error resulting from the fact that his return preparer deducted the costs not knowing Mr. Wade had already done so.

"The existence of fraud is a question of fact, and, hence, the Tax Court's findings are final unless clearly erroneous." Ruidoso Racing Ass'n., Inc. v. Commissioner, 476 F.2d 502, 507 (10th Cir. 1973). The tax court found Mr. Wade had committed fraud on his 1982 and 1983 tax returns. See Rec. vol. I, doc 34, at 10. We review for clear error.

The indicia of fraud include: (1) understatement of income; (2) inadequate books and records or alterations of books and records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; (6) failure to cooperate with tax authorities. Tax Ct. Op. at 7 (citing Bradford v. Commissioner, 796 F.2d 303, 307-08 (9th Cir. 1985)).

Mr. Wade was convicted of filing false returns for these years under 26 U.S.C. § 7206(1). This is a factor indicating fraud. Wright v. Commissioner, 84 T.C. 636, 643-44 (1985) ("[A] conviction for willful falsification, under section 7206(1), while not dispositive, will be one of the facts to be considered in a trial on the merits [as to whether the defendant in the 7206(1) action committed fraud]".)

Mr. Wade concedes he underpaid his taxes for the relevant years. This also

8

is an indicia of fraud. The Tax Court found Mr. Wade's testimony that he knew nothing of his return preparer adding the deductions "not believable." See Rec. vol. I, doc 34, at 10. The return preparer testified that he does not recall how he got the figures, but added that he has no paperwork with those expenses on them (because the Wades did not keep regular records), and thus his regular business practice would have been to ask Mr. Wade what the expenses were. See Rec. vol. I, doc 27, at 116. Therefore, Mr. Wade has offered "inconsistent explanations of behavior" in his tax forms, triggering another indicia of fraud.

There is no dispute Mr. Wade kept inadequate books and records, further suggesting fraud. And, there is no dispute that Mr. Wade purchased $400,000 in certificates of deposit in 1983, one of the years he and his wife allegedly had no taxable income, triggering the fraud indicia of concealed assets.

In fact, the only evidence countering these inferences of fraud is the testimony of Mr. Wade. That is not sufficient ground on which to overturn the Tax Court's well-supported factual finding of fraud as clear error. Thus, agreeing with the Tax Court's finding of fraud, we affirm the assessment of additions to the Wade's 1982 and 1983 taxes for fraud.

2.    *Statute of Limitations*

The notices of deficiency for the years 1982 and 1983 were issued by the IRS on December 15, 1993. Under the three-year limitations period for notice of

9

deficiency, Mr. Wade argues notices were due by April 15, 1986 and April 15, 1987 for the two years, respectively. This is correct only to the extent that we refuse to affirm the district court's finding of fraud in each return.

26 U.S.C. § 6501(a) creates the limitations period. 26 U.S.C. § 6501(c) creates an exception to the period for cases of fraudulent returns. Thus, there is no limitations period if the returns were fraudulent. As discussed in the previous section, there is no basis for overturning the Tax Court's finding that the returns were fraudulent. Therefore, there is no argument that the limitations period applies.


### III. CONCLUSION

The Tax Court's finding that Mr. Wade did not file his 1984 return in 1988 as he claims is largely a credibility determination. With no evidence aside from Mr. Wade's own testimony to challenge the finding, we will not reverse that finding. Therefore, there is no argument that the deficiencies assessed against Mr. Wade for failure to file were barred by the statute of limitations. Furthermore, holding Mr. Wade liable for additions to his 1984 taxes for failure to file was not in error.

We agree with the Tax Court's finding that Mr. Wade's testimony that he paid a deductible $230,000 in consulting fees –  for services he could not quite

10

describe – was "contradictory and not credible." Therefore, the Commissioner's refusal to allow the deduction for that amount was not error. Finally, the Tax Court correctly found Mr. Wade's tax returns for 1982 and 1983 were fraudulent. Thus, the additions for fraud were correctly assessed and the statute of limitations did not bar the assessment of those additions.

Accordingly, we AFFIRM.

Entered for the Court,

Robert H. Henry
Circuit Judge

11