T.C. Memo. 2004-153

UNITED STATES TAX COURT

ROBERT B. KEMP, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5794-98, 143-00.     Filed June 28, 2004.

<u>John P. Konvalinka</u>, for petitioner.

<u>Monica D. Armstrong</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether petitioner is liable for fraud penalties relating to 1991, 1992, and 1993.

FINDINGS OF FACT

In 1974, petitioner began operating Southeast Trust Investment Management (Southeast Trust), a sole proprietorship

registered as an investment adviser with the Securities and Exchange Commission.  In the mid-1970s, Southeast Trust's name was changed to Trust Investment Management (Trust Investment).  As owner and operator of Trust Investment, petitioner managed a $2 million investment portfolio, including employee benefit accounts.

From 1983 through 1993, petitioner, while continuing to operate Trust Investment, worked as senior vice president for First Tennessee Investment Management (First Tennessee).  From 1989 through 1993, petitioner deposited a portion of the management fees he earned from Trust Investment into certificates of deposit, municipal bonds, and a cash management fund.

In 1993, First Tennessee terminated petitioner's employment for violating bank and corporate policies.  In that year, an FBI special agent interviewed petitioner relating to petitioner's alleged misappropriation of First Tennessee funds (i.e., five checks totaling approximately $28,000 and made payable to Trust Investment).

Petitioner timely filed his 1989 through 1993 Federal income tax returns.  On the Schedule C, Profit or Loss From Business, accompanying petitioner's 1993 return, he deducted, from gross receipts and sales, $65,586 of returns and allowances.  By letter dated June 2, 1994, the Internal Revenue Service notified

petitioner that his 1992 return had been selected for examination. On June 13 and July 28, 1994, a revenue agent met with petitioner relating to the 1992 return.

On September 15, 1994, petitioner filed 1991, 1992, and 1993 amended returns; reported, on his Schedules C, increased taxable income of $173,817, $191,595, and $63,628, respectively; and paid the additional taxes and accrued interest due relating to these years. On February 21, 1995, petitioner filed a 1990 amended return, reported increased Schedule C taxable income of $134,859, and paid the additional tax and accrued interest due relating to that year. On April 8, 1996, petitioner filed a 1989 amended return, reported increased Schedule C taxable income of $102,506, and paid the additional tax and accrued interest due relating to that year.

In 1996, petitioner was indicted for bank fraud, mail fraud, money laundering, and, pursuant to section 7206(1),[1] willfully filing false tax returns. Petitioner was subsequently convicted of filing false tax returns relating to 1989 through 1992 and acquitted of bank fraud, mail fraud, and money laundering. The conviction was affirmed on appeal.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

By notice of deficiency dated December 29, 1997, respondent determined fraud penalties, pursuant to section 6663, of $44,930 and $16,722 relating to 1992 and 1993, respectively. On March 27, 1998, petitioner, while residing in Hixson, Tennessee, filed a petition with this Court relating to 1992 and 1993.

On October 4, 1999, respondent sent petitioner a second notice of deficiency in which he determined fraud penalties, pursuant to section 6663, of $28,407, $31,721, and $41,424 relating to 1989, 1990, and 1991, respectively. In response, petitioner, on January 3, 2000, while residing in Hixson, Tennessee, filed a petition with this Court relating to 1991. Respondent, on July 17, 2000, assessed the fraud penalties relating to 1989 and 1990.

On April 19, 2000, the Court granted petitioner's motion to consolidate the two cases.

## OPINION

Respondent contends, pursuant to section 6663, that petitioner, on his 1991, 1992, and 1993 returns, underreported income with the intent to evade tax. Petitioner contends that he did not intend to evade tax and believed he was entitled to defer a portion of the underreported income.

Petitioner's conviction, pursuant to section 7206(1), is a badge of fraud and estops him from contesting that he

intentionally filed false 1991 and 1992 returns and that an underpayment exists for these years.  Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Considine v. United States, 683 F.2d 1285, 1287 (9th Cir. 1982); Wright v. Commissioner, 84 T.C. 636, 643-644 (1985).  Respondent cannot rely solely on petitioner's conviction to sustain his burden of establishing fraud but must clearly and convincingly prove that petitioner intended to evade tax.  Sec. 7454(a); Rule 142(b); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Wright v. Commissioner, supra at 643-644.  This burden is met where respondent proves conduct intended to conceal, mislead, or otherwise prevent the collection of tax.  Parks v. Commissioner, supra at 661.  Fraud is not to be imputed or presumed but rather must be established by some independent evidence.  Beaver v. Commissioner, 55 T.C. 85, 92 (1970).

Respondent has failed to meet his burden.  Respondent did not present any witnesses or introduce sufficient evidence to establish that any portion of the underreported income is attributable to fraud.  See sec. 6663(b); Petzoldt v. Commissioner, 92 T.C. 661, 698-699 (1989).  Instead, respondent focused on petitioner's criminal indictment for bank fraud, for which petitioner had been acquitted, and income petitioner

asserted he set aside in an attempt to satisfy reserve requirements relating to employee benefit accounts he managed.

Respondent questioned petitioner about whether he had embezzled from First Tennessee five checks made payable to Trust Investment (i.e., representing a relatively small portion of the underreported income in issue). Petitioner failed to report the proceeds from these checks, but respondent did not establish that petitioner embezzled these amounts or intended to evade tax.

Respondent further challenged petitioner's assertion that a portion of the underreported income was attributable to funds petitioner set aside (i.e., into certificates of deposit, municipal bonds, and a cash management fund) in an attempt to satisfy reserve requirements. Petitioner acknowledged that he did not formally set up a reserve account but established that he believed he could defer income on amounts set aside and subsequently report these amounts as income when they were no longer needed to meet reserve requirements. Petitioner's contention, regarding the reserve account, related to only a portion of petitioner's underreported income (e.g., petitioner deducted, as returns and allowances, on his returns only the amounts set aside in 1993). Inexplicably, respondent failed to address (i.e., did not question petitioner or his accountant and

did not address on brief) the remaining amount of underreported income.

The typical indicia of an intent to evade tax are not present.  Petitioner maintained adequate records, made all pertinent information available to the Internal Revenue Service, and cooperated with the Internal Revenue Service's investigation. In short, petitioner understated his income, but respondent has not established that petitioner intended to evade tax. Accordingly, we reject respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decisions will be entered for petitioner</u>.