T.C. Memo. 2005-40


UNITED STATES TAX COURT


ROBERT B. KEMP, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 5794-98, 143-00.    Filed March 3, 2005.


<u>John P. Konvalinka</u>, for petitioner.

<u>Monica D. Armstrong</u>, for respondent.


MEMORANDUM OPINION


FOLEY, <u>Judge</u>:  This matter is before the Court on
petitioner's Motion to Recover Reasonable Litigation Costs
pursuant to section 7430 and Rule 231.[1]  This Court ruled in

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

favor of petitioner in <u>Kemp v. Commissioner</u>, T.C. Memo. 2004-153, and we incorporate herein the facts set forth in that opinion.

## Background

In 1974, petitioner began operating a sole proprietorship that managed an investment portfolio, including employee benefits. From 1983 through 1993, petitioner was employed by First Tennessee Investment Management (First Tennessee). From 1989 through 1993, petitioner deposited a portion of his earnings from his sole proprietorship into certificates of deposit, municipal bonds, and a cash management fund. Petitioner also deposited checks, that were allegedly owned by First Tennessee, into the bank account of his sole proprietorship.

Beginning in 1993, petitioner was investigated by the FBI and terminated by First Tennessee for violations of bank and corporate policies. In June of 1994, respondent sent a letter to petitioner stating that his 1992 Federal income tax return was selected for examination. After meeting with respondent, petitioner filed amended returns that reported, on his Schedule C, Profit or Loss From Business, increased taxable income of $173,817, $191,595, and $63,628 for 1991, 1992, and 1993, respectively. In February of 1995, petitioner filed an amended return for 1990 that reported an increase in Schedule C taxable income of $134,859.

In 1995, respondent suspended all civil action against petitioner because he was being investigated by a grand jury for violation of section 7206(1). In April of 1996, petitioner was indicted by a grand jury for bank fraud, mail fraud, money laundering, and felony tax violations. One day prior to the indictment, petitioner filed an amended return for 1989 that reported an increase in Schedule C taxable income of $102,506. Petitioner was found guilty of filing false income tax returns for 1989, 1990, 1991, and 1992. Petitioner's conviction was upheld on appeal by the Court of Appeals for the Sixth Circuit.

By notices dated December 29, 1997, and October 4, 1999, respondent sent petitioner two notices of deficiency in which he determined fraud penalties, pursuant to section 6663, of $28,407, $31,721, $41,424, $44,930, and $16,722 relating to 1989, 1990, 1991, 1992, and 1993, respectively. Petitioner paid the civil fraud penalties relating to 1989 and 1990, but petitioned this Court for a redetermination relating to 1991, 1992, and 1993. At trial, respondent failed to present any witnesses or introduce sufficient evidence to establish that any portion of the underreported income was attributable to fraud. Accordingly, we held that respondent failed to establish that petitioner intended to evade tax.

On August 2, 2004, petitioner filed a Motion to Recover Reasonable Litigation Costs. On September 3, 2004, respondent

filed an Objection to Motion for Litigation Costs.  On September 29, 2004, petitioner filed Petitioner's Response to Respondent's Objection to Motion for Litigation Costs.

## Discussion

The prevailing party in a Tax Court proceeding may recover litigation costs.  Sec. 7430(a); Rule 231.  Petitioner bears the burden of proving that he substantially prevailed and meets each requirement of section 7430.  Rule 232(e).  Petitioner, however, will not be treated as the prevailing party if respondent establishes that respondent's position was substantially justified (i.e., had a reasonable basis in law and fact).  Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988). Respondent's position both before and after the filing of a petition is relevant in determining whether respondent was substantially justified.  Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136 (6th Cir. 1992), affg. T.C. Memo. 1990-316.  The fact that respondent loses an issue is not determinative of the reasonableness of respondent's position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986).

Prior to, and after the petition was filed, respondent based his position on the following:  (1) Petitioner was convicted, pursuant to section 7206(1), of filing false income tax returns; (2) petitioner substantially underreported his income for 5 consecutive tax years; (3) petitioner paid civil fraud penalties

for 2 of the 5 tax years; and (4) petitioner did not set up formal reserve accounts. See <u>Solomon v. Commissioner</u>, 732 F.2d 1459, 1461 (6th Cir. 1984)(stating badges of fraud include failure to report income over an extended period of time), affg. T.C. Memo. 1982-603; <u>Wright v. Commissioner</u>, 84 T.C. 636, 643-644 (1985)(stating taxpayer's conviction, pursuant to section 7206(1), is a factor to be considered in determining fraud). Although respondent had a reasonable basis for his position, he simply did not establish that petitioner had the requisite intent to evade tax. Thus, notwithstanding the shortcomings of respondent's case at trial, respondent's position was substantially justified. Accordingly, petitioner is not entitled to an award of litigation costs pursuant to section 7430.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioner's motion, and decisions will be entered for petitioner</u>.