[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13751

_____

U.S. Tax Ct. No. 13587-01

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 28, 2006**
**THOMAS K. KAHN**
**CLERK**

PAUL MCGOWAN,

Petitioner-Appellee,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellant.

_____

Petition for Review of a Final Order
of the United States Tax Court

_____

**(June 28, 2006)**

Before BLACK and PRYOR, Circuit Judges, and CONWAY[*], District Judge.

_____

[*]The Honorable Anne C. Conway, U.S. District Judge for the Middle District of Florida, sitting by designation

CONWAY, District Judge:

In December 2001, Paul McGowan filed, in tax court, a petition for a redetermination of a deficiency, which the Commissioner of Internal Revenue Service had assessed against him. The Commissioner, relying on McGowan's prior criminal tax convictions, claimed McGowan under-reported his income with the intent to evade taxes in 1991, 1992, and 1993. The tax court determined that the Commissioner failed to meet his burden of establishing a specific intent to evade tax by clear and convincing evidence. The Commissioner appealed. For the reasons stated below, we affirm.

## I. BACKGROUND

Paul McGowan solely owned and operated McGowan Construction Company ("Company"), a subchapter S corporation, for which McGowan was required to report all of the Company's income on his personal income tax return. McGowan under-reported his income from 1991 to 1993.

In 1998, McGowan was indicted, tried, and convicted of six tax crimes: three counts of willfully making and subscribing false individual income tax returns for his Company in 1991, 1992, and 1993, in violation of 26 U.S.C. §7206(1); and three counts of willfully aiding and assisting in the preparation of false corporate income tax returns for the same three years, in violation of 26

2

U.S.C. §7206(2). In addition to receiving a prison sentence and a fine, McGowan was ordered to cooperate with the IRS to determine his civil tax liability.

Contending that McGowan did not cooperate with the IRS as ordered, the Commissioner issued McGowan a notice determining income tax deficiencies in the amounts of $103,299, $36,968, and $67,180. Additionally, McGowan owed civil fraud fines of $77,474, $27,726 and $50,385 for tax years 1991, 1992, 1993, respectively. The deficiency would be time-barred unless McGowan's underpayments were related to a specific intent to evade tax. There is no statute of limitations for deficiencies if the taxpayer acted with the specific intent to evade taxes. 26 U.S.C. §6501(c)(1).

McGowan filed a petition in the tax court for a redetermination of the deficiency. At trial, McGowan claimed that the underpayments were the result of confusion between him and his accountant. McGowan testified that his accountant told him that the diverted funds were either repayments of loans that McGowan had made to the Company or were a return of shareholder equity.

The tax court held that the Commissioner failed to meet his burden of establishing McGowan's intent to evade tax by clear and convincing evidence. The court acknowledged that McGowan's criminal conviction was a badge of fraud, which estopped him from contesting that he filed false returns and under-

3

reported his taxes for 1991 to 1993. However, the court stated that the Commissioner could not rely solely on the prior conviction to demonstrate an intent to evade tax.

The tax court found the Commissioner's evidence of intent to evade tax unconvincing; the court held that McGowan kept adequate and complete records and that it was the accountant's fault for not using those records when he compiled the tax returns. The court also found that McGowan did fully comply with the Commissioner's investigation.

The critical issue for the tax court was the Commissioner's strategy of not addressing McGowan's confusion about the shareholder accounts at trial and, instead, resting on McGowan's conviction in the criminal case. The court concluded, based on the evidence presented in the tax case, that McGowan did not employ any scheme to conceal income, stating that McGowan believed that any difference between the income he reported and the amounts in the shareholder accounts would eventually be reconciled when he paid taxes on the income at a later point.

The determinative issues on appeal are 1) whether the tax court erred by not collaterally estopping McGowan from arguing that he did not act with the specific intent to evade tax based on his prior criminal conviction for under-reporting his

4

income through false tax returns and 2) whether the tax court clearly erred by concluding that the Commissioner failed to establish an intent to evade tax by clear and convincing evidence.

## II. DISCUSSION

The Court reviews *de novo* the tax court's determination of whether collateral estoppel applies. Quinn v. Monroe County, 330 F.3d 1320, 1328 (11th Cir. 2003). Collateral estoppel prevents relitigation of an issue that was previously determined if the party against whom the issued was decided had "'a full and fair opportunity to litigate that issue in an earlier case.'" Blohm v. C.I.R., 994 F.2d 1542, 1553 (11th Cir. 1993) (quoting Allen v. McCurry, 449 U.S. 90, 94-95, 101 S. Ct. 441, 414-15, 66 L. Ed. 2d 308 (1980)). Four elements must be present for collateral estoppel to be invoked. First, the issue in the present case must be the same as the issue in the previous case. Id. Second, the issue must have been necessarily decided in the prior litigation. Id. Third, the party to be estopped must have been either a party to the previous litigation or was adequately represented by another party in the prior proceeding. Id. Fourth, the issue to be precluded must have been litigated in the prior proceeding. Id.

The issues litigated in McGowan's criminal case were not the same as the issue litigated in McGowan's tax court case. The issues litigated in the criminal

5

case against McGowan that meet the elements of collateral estoppel are 1) whether McGowan willfully filed a false return and 2) whether McGowan willfully aided or assisted in the preparation of his tax return. 26 U.S.C. §7206. On the other hand, the issue in the tax court case was whether McGowan had the intent to evade when he under-reported his taxes.

The jury in the criminal case found that McGowan did willfully make and assist in the preparation of a tax return, which he did not believe to be true, for all three years in question. The tax court acknowledged McGowan's conviction and collaterally estopped him from contesting that he filed false 1991, 1992, and 1993 returns and that an underpayment existed for those years. However, McGowan's criminal conviction did not dispel the Commissioner's burden to prove by clear and convincing evidence that McGowan intended to evade tax.

There was no collateral estoppel arising from the criminal conviction on the intention to evade tax issue because there was no identity of issues between the criminal case and the tax case regarding intention to evade tax. Wright v. Comm'r, 84 T.C. 636, 639 (1985). In the criminal case, it was not necessary for the government to establish, nor did the government establish, that McGowan had the intent to evade tax when he under-reported his taxes. The tax court stressed that the intent to evade tax is never presumed or imputed; it must be proved by

6

independent evidence. T.C. Memo 2004-146 at 6 (citing Beaver v. Comm'r, 55 T.C. 85, 92 (1970)). The court found that the Commissioner's reliance on McGowan's criminal conviction was insufficient to prove McGowan's intent to evade taxes.

As to the second issue, the tax court found that "the typical indicia of an intent to evade taxes [were] not present." *Id.* Furthermore, the court determined that the Commissioner failed to carry its burden of presenting clear and convincing evidence demonstrating that McGowan had the specific intent to evade taxes. The tax court's finding that McGowan lacked the intent to evade taxes is a finding of fact that will only be disturbed if clearly erroneous. See Korecky v. Comm'r, 781 F.2d 1566, 1568 (11th Cir. 1986). The Commissioner has not demonstrated to this Court that the tax court clearly erred.

## III. CONCLUSION

Although criminal convictions under 26 U.S.C. 7206(1) & (2) are badges of fraud, they are not alone conclusive proof that McGowan intentionally evaded his taxes. The issue of whether McGowan intended to evade income tax was not litigated in McGowan's criminal prosecution. In the tax case, the Commissioner had the burden of establishing through clear and convincing proof that McGowan

7

intended to evade income tax.  The Commissioner failed to meet this burden.

Accordingly, the judgment of the tax court is AFFIRMED.